ANGELA SCATORCHIA and LUIGI SCATORCHIA, as Administrators, etc., of DONATO SCATORCHIA, Deceased, Respondents, v. ANTHONY CAPUTO, Appellant.

First Department, January 30, 1942.

*Irving Diamond*, for the appellant.

*Milton Eisen*, for the respondents.

UNTERMYER, J. The action is maintained by the plaintiffs, as administrators of Donato Scatorchia, to recover damages for the death of the deceased which is alleged to have resulted from the unlawful sale to him by the defendant of intoxicating liquor. It is alleged that, to the knowledge of the defendant, the deceased was addicted to the excessive use of intoxicants but that the defendant,

nevertheless, " unlawfully " sold such a quantity of liquor to the deceased that he died of acute alcoholism. For the purposes of this appeal we will assume that the allegation of an " unlawful " sale is sufficient as the statement of an ultimate fact. We are, nevertheless, of the opinion that the action cannot be maintained by the plaintiffs in their capacity as administrators of the estate of the deceased.

Section 16 of the Civil Rights Law, under which the action is instituted, provides: " Recovery of damages caused by the illegal sale of intoxicating liquor. Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages. In case of the death of either party, the action or right of action given by this section shall survive to or against his or her executor or administrator, and the amount so recovered by either wife or child shall be his or her sole and separate property. Such action may be brought in any court of competent jurisdiction. In any case where parents shall be entitled to such damages, either the father or mother may sue alone therefor, but recovery by one of such parties shall be a bar to suit brought by the other."

We think the statute does not create a right of action in favor of the party whose intoxication has resulted from the illegal sale of liquor and that, accordingly, his administrators are not vested with any cause of action by the Decedent Estate Law (§§ 130–133). The right of action under the statute is given to any person who may be injured by the intoxication of a party to whom liquor has been illegally sold, including a wife or child and a father or mother. We find no provision in the statute which creates any cause of action in favor of the party who has purchased the intoxicating liquor and none, therefore, is transmitted to his estate. It is highly improbable that the Legislature intended to permit a recovery of damages by the purchaser of liquor on account of the consequences of his own intoxication. The provisions that the amount recovered by either wife or child " shall be his or her sole and separate property " and that a recovery by either father or mother " shall be a bar to a suit brought by the other " likewise confirm the view that the statute was intended to create causes of action only in those persons who had been injured by the acts or by the death of the party to whom the intoxicating liquor was sold.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY and GLENNON, JJ., concur; O'MALLEY, J., dissents.

Order reversed, with twenty dollars costs and disbursements, and motion granted.