JOHN PETERS, Plaintiff, *v.* CHARLES BARON, Defendant.

Supreme Court, Special Term, Monroe County, March 30, 1953.

*John C. Osborn* for defendant.

*Albert E. Goldman* for plaintiff.

J. C. O'Brien, J. This action is brought pursuant to the provisions of section 16 of the Civil Rights Law.

Defendant's motion to dismiss the complaint is based on the contention that this type of action is not maintainable by a husband to recover for damages and loss which he says he sustained through the unlawful selling by defendant of intoxicating liquors to plaintiff's wife. Defendant cites as authority *Scatorchia* v. *Caputo* (263 App. Div. 304). That case clearly holds that the statute does not create a cause of action in favor of the party who became intoxicated (in our case plaintiff's wife), and therefore none can be transmitted to his estate. Consistent with that decision the wife of above-named plaintiff could not maintain an action against the defendant. The question posed to us by this motion is whether or not the husband of the intoxicated wife may sue. I have concluded that question must be answered in the affirmative.

In *Hoard* v. *Peck* (56 Barb. 202, 206) a married woman was supplied by the defendant druggist with quantities of laudanum which she used as a beverage. As a result of this her husband allegedly lost her services and her affection. The husband, as plaintiff, recovered judgment against the druggist. The General Term in discussing the point with which we are here concerned, made this observation: " If this were an action for negligence of the defendant, negligence of the wife would prevent the plaintiff from recovering, on the ground that her negligence contributed to the injury; but it is a case where the druggist and wife united in the doing of acts injurious to the interests of the husband ".

In *Tidd* v. *Skinner* (225 N. Y. 422) the defendant apparently sold heroin to an infant. Plaintiff, the mother of the infant, sued the vendor. After discussing the right of a parent to recover for loss of services of a child, and citing and enumerating various cases where such an action was permitted, the court states that damages will not be allowed if the evidence shows that the child's negligence was the efficient cause of the injury, and further states at page 432: " It is an equally well-established rule of law that if the conduct of the defendant in such a case was so deliberate, persistent and intentional as to be equivalent in law to positive and wilful injury the contributory negligence of the child is not a defense. (Citing authority.) Unless the evidence is without conflict it is always for the jury to determine whether the facts in a given case bring it within one rule or the other." In the complaint in this action it is alleged that while plaintiff's wife was actually and apparently

under the influence of liquor, and was in fact intoxicated, the defendant continued to make further sales to her of intoxicating liquor, by reason of all of which she sustained serious and severe physical injuries, and that as a consequence the husband, plaintiff, was put to considerable expense and was deprived of her services and society.

Since we are here concerned with a matter of pleading only, all allegations of the complaint are deemed to be true, and every intendment and fair inference must be accorded to the pleading (Civ. Prac. Act, § 275; *Crosby* v. *Fowler,* 222 App. Div. 619, 621).

Defendant's motion to dismiss is denied, with $10 costs. Submit order.