Lloyd I. Herzka, J.
In this consolidated action for personal injuries the third-party defendant moves to dismiss the third-party complaint for legal insufficiency pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice.
Plaintiffs in these actions sued the third-party plaintiff, the owner and operator of a bar and grill, for damages incurred as a result of a shooting incident which occurred at the defendant’s place of business. The complaints of the plaintiffs in substance set forth that the plaintiffs were patrons of the defendant’s bar when another patron (one Gerard K. Emery) suddenly and without provocation from the plaintiffs fired a number of gunshots which seriously wounded them. According to the allegations, Emery’s boisterous, violent and obviously intoxicated condition was apparent to the defendant or its agents well before the shooting occurred and the defendant well knew Emery’s reaction of intoxicating beverages upon him and the condition in which he then was and despite such condition the defendant continued to serve him intoxicating beverages leading to the shooting.
The defendant is then charged with a violation of its duty to provide the public and plaintiffs with a safe and proper place to partake of the food and beverages and from attack or molestation.
Based upon these facts the complaints allege a cause of action under common law as well as under section 16 of the Civil Bights Law implementing the provisions of section 65 of the Alcoholic Beverage Control Law.
In impleading the third-party defendant (Port Authority) the defendant seeks to place responsibility upon it by alleging in its third-party complaint that the third-party defendant was negligent in employing Emery as a peace officer and permitting him to carry a gun when the Port Authority knew or should have known that Emery was an intemperate drinker with a violent temper who had made violent threats before and permitting such person to carry firearms. On the basis of these allegations the defendant asks to be completely indemnified for anticipated liability for the alleged willful disregard of the law and affirmative neglect of its patrons’ rights alleged in the complaints. It is apparent that Emery was not at the time of the occurrence *3 acting in the performance of his duties as an officer or during his regular employment hours.
While it is true that section 193-a of the Civil Practice Act is to be liberally construed as it was intended to mitigate the strictness of the old practice which required a third-party plaintiff to show clear liability on the part of the third-party defendant (Robinson v. Binghamton Constr. Co., 277 App. Div. 468), nevertheless the allegations and charges of definite liability on the defendant’s part as set forth in the original complaint, which become part of the attacked pleading, preclude the assertion of a third-party cause of action. The charge of active negligence against the defendant casts the third-party plaintiff in the role of an active tort-feasor and as such it is not in a position to compel contribution or indemnification, absent an agreement to do so (Dick v. Sunbright Steam Laundry Corp., 307 N. Y. 422).
As the court stated in Edwards v. Sophkirsh Holding Corp. (280 App. Div. 168,170, affd. 304 N. Y. 850): “ Plaintiff’s complaint here is not predicated upon any responsibility of the owner of the premises apart from active negligence. This is not one of those cases where defendant could be found liable merely as a property owner or for what might be termed passive negligence and be entitled to claim over against a third party whose active negligence was solely responsible for an injury. * * * If plaintiff may recover against the defendant, the liability must be one which the defendant is not entitled to call upon the third-party defendant to assume.” Defendant must either be adjudged not liable at all or must bear the full burden of liability predicated upon the allegation of the complaints. (See, also, Cloud v. Martin, 273 App. Div. 769.)
Basic in each complaint against the defendant is the charged violation of section 16 of the Civil Rights Law which, in substance, states that any person who shall be injured in person, etc., by reason of the intoxication of another person, shall have a right of action against any person who shall, by unlawfully selling liquor to such intoxicated person, have caused or contributed to such intoxication and shall have a right to recover actual and exemplary damages. Section 16 must be read in conjunction with section 65 of the Alcoholic Beverage Control Law, which prohibits the sale for which the Civil Rights Law affords remedy (Tyrrell v. Quigley, 186 Misc. 972). Proof that defendant violated section 16 as alleged in the complaints would establish an affirmative act by the defendant, to wit, a sale of liquor in disregard of a penal statute and in disregard of the obvious need for care indicated by the circumstances. Such *4 a violation could hardly be termed passive. The statutory action predicated upon the willful violation of a statutory prohibition is wholly unrelated to any action for negligence and there can be no diminution of the penalty in the way of damages fixed thereby (Playford v. Perich, 2 Misc 2d 170).
In any event, giving the third-party complaint the most favorable light, at best, it would merely establish possible concurring acts of negligence and that the third-party defendant was a joint tort-feasor from whom the defendant could have no right of indemnification. It is well established that in the absence of a right of indemnification, either express or implied, one tortfeasor cannot have the right to claim over against another in pari delicto (Middleton v. City of New York, 276 App. Div. 780, affd. 300 N. Y. 732).
Under the circumstances the motion to dismiss is granted. Settle order on notice.