John A. Monteleone, J.
Plaintiff sustained personal injuries as a result of having* been cut by a knife used by the assailant, one Atha Blackwell.
The complaint in substance alleges that the defendant, the owner of a bar and grill, was negligent in serving intoxicating beverages to said Atha Blackwell while intoxicated; in permitting* said person to wield a knife having knowledge of same and in permitting her to remain in defendant’s bar and grill causing the stabbing of plaintiff by the inebriated assailant. The complaint alleges a cause of action under the common law as well as under section 16 of the Civil Rights Law as implemented by-section 65 of the Alcoholic Beverage Control Law (Kinney v. 1809 Forest Ave., 7 Misc 2d 1).
The pertinent part of section 16 of the Civil Rights Law provides, ‘ ‘ Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or *195 contributed to such intoxication, and in any such action such person shall have a right to recover actual and exemplary damages.”
Under the provisions of this statutory cause of action, a plaintiff in addition to proving his injuries or damages must sustain the burden of proving that the assailant was intoxicated; that the injury or damage was caused by an intoxicated person or arose out of the intoxication and finally, that the defendant unlawfully sold or furnished liquor, causing or contributing to the intoxication.
Since section 65 of the Alcoholic Beverage Control Law implements section 16 of the Civil Rights Law, it is necessary to set forth the pertinent provisions of this statute which reads as follows:
“No person shall sell, deliver or give away or cause or permit or procure to be sold, delivered or given away any alcoholic beverages to
“ 1. Any minor, actually or apparently, under the age of eighteen years;
“2. Any intoxicated person or to any person, actually or apparently, under the influence of liquor;
“ 3. Any habitual drunkard known to be such to the person authorized to dispense alcoholic beverages.”
Accordingly, no liability can be imposed to the dispenser of liquor unless his act is unlawful. In addition thereto, it is significant that the language of section 16 of the Civil Rights Law emphasizes that the person inflicting the injury or damage must be intoxicated. It inevitably follows that the intoxication must be the proximate cause of the injury or damage. (Italics mine.)
Plaintiff testified that she went to the defendant’s bar and grill at about 2:00 a.m. to get some beer for her husband; that she was in the bar and grill about 15 minutes and saw the defendant’s bartender give Atha Blackwell one drink. She also testified that Atha Blackwell was loud, abusive, cursed, had watery eyes and in her opinion was intoxicated. One Roberta Ballard, the only other witness called on behalf of the plaintiff, testified that she entered defendant’s bar and grill accompanied by Atha Blackwell and two others, including one Elizabeth Pierce at about 2:00 a.m. on the same day; this group sat at a table about 8 to 10 feet from the bar; that Elizabeth Pierce took their order and went to the bar where the bartender was in attendance, ordered the drinks and brought them to their table. Atha Blackwell had a double shot of rye whiskey and ginger ale. The witness further testified that her party was quiet at the *196 table while drinking and that later on defendant’s bartender brought one drink to Atha Blackwell; at about 2:30 a.m. plaintiff and Atha- Blackwell had an argument; that a fight ensued as a result of which plaintiff sustained personal injuries. The witness Ballard testified that the assailant “Acts like a neurotic ’ ’; that she was bleary-eyed, cursed, stumbled, swayed and, in her opinion, appeared drunk.
There is no other testimony as to drinking by Atha Blackwell prior to the altercation. The bartender testified that the assailant did not appear intoxicated. Although expert testimony, lacking herein, is a better criterion to establish intoxication, there is no question that lay persons may render an opinion as to whether or not a person appeared intoxicated (People v. Eastwood, 14 N. Y. 562).
Taking all of the testimony and examining it in the most favorable light on behalf of the plaintiff, I find that plaintiff has failed to sustain the burden of proof with regard to any common-law action and with respect to the requirements of section 16 of the Civil Rights Law and section 65 of the Alcoholic Beverage Control Law (subd. 2) which applies herein.
Plaintiff has failed to meet the tests that (1) defendant unlawfully dispensed liquor to the assailant who was intoxicated; or actually or apparently was under the influence of liquor; (2) that the assailant was an intoxicated person at the time of the assault and (3) that the intoxication was the proximate cause of the assault which resulted in the injuries sustained.
I conclude, therefore, that defendant is entitled to judgment dismissing plaintiff’s action on the merits and direct that judgment be entered accordingly in favor of defendant.