YVONNE L. MITCHELL, Respondent, *v.* THE SHOALS, INC., Appellant.

First Department, June 14, 1966.

*John P. Carson* of counsel (*Sidney Jacobi*, attorney), for appellant.

*Marvin Lechtman* of counsel (*Richard E. Shandell* with him on the brief; *Fuchsberg & Fuchsberg*, attorneys), for respondent.

STEVENS, J. The facts are fairly stated in the dissent, so will not be repeated at length. The testimony of the plaintiff — while, perhaps, susceptible to an inference of further drinks, after her fifth drink — is limited by her statement, " Nothing that I know of " in response to the question " [a]fter the fifth one, what did you have to drink? " All of the testimony is agreed that plaintiff fell asleep at the table in the cafe, and that she was removed, still sleeping, and placed in the Taylor car. There is no testimony or claim that plaintiff at any time purchased or paid for the drinks consumed by any members of the party and especially Taylor.

Section 16 of the Civil Rights Law provides, in part: " Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages." Under the language of this section, the right of action springs from the wrong of unlawful selling to an intoxicated person or unlawfully assisting in or procuring liquor for the intoxicated person causing the injury complained of. The section must be read in conjunction with subdivision 2 of section 65 of the Alcoholic Beverage Control Law which prohibits the sale or giving of liquor to any intoxicated person, or to any person actually or apparently under the influence of liquor (*Kinney* v. *1809 Forest Ave.*, 7 Misc 2d 1; 2 N. Y. Jur., Alcoholic Beverages, § 116).

From the language of the statute conferring the right, it appears that it was intended to prevent unlawful sales of liquor and to provide a remedy for injuries occasioned by one who was instrumental in wrongfully producing or wrongfully causing such intoxication (cf. *Mead* v. *Stratton,* 87 N. Y. 493, 496). The language " any person " is clear and explicit and in the context in which it appears is limited to " a third party injured or killed by the intoxicated person, by reason of his intoxication." (*Moyer* v. *Lo Jim Cafe,* 19 A D 2d 523, affd. on other grounds 14 N Y 2d 792.) A third person who unlawfully sold or unlawfully assisted in procuring the liquor is barred because he participated actively as a contributing factor in producing the condition from which the injuries flowed. To extend the limitation to persons in the company of the intoxicated persons who neither purchased, assisted in purchasing, nor sold the liquor under the maxim *volenti non fit injuria* is a misapplication

of the rule. Moreover, this plaintiff, from all of the evidence, was asleep or in a condition in which she could not freely exercise her independent will to accept or reject the proffered transportation.

Nor is this the case where two or more persons are engaged in a drinking bout, each sharing the expense, and each contributing to the intoxication of the other. To hold that merely being with and drinking in the company of an intoxicated person who later causes harm because of such intoxication, is sufficient to bar recovery, under the theory that such person is not an innocent suitor but a guilty participant, nullifies the remedial objective of the statute. It raises the question of how immediate must the company be in order to warrant denial of recovery. General patrons of a bar injured by an intoxicated patron whose intoxication causes injuries to them would hardly be denied recovery merely because of their status as patrons (cf. *Tyrell* v. *Quigley*, 186 Misc. 972; *Kinney* v. *1809 Forest Ave.*, 7 Misc 2d 1, *supra*; 2 N. Y. Jur., Alcoholic Beverages, § 116).

In *James* v. *Wicker* (309 Ill. App. 397), cited by appellant, the factual situation was slightly different. Moreover, plaintiff knowingly and willingly entered the accident car after engaging in extended drinking with defendant and others. The case was tried on the theory of contributory negligence as a bar to recovery; and the court, in effect, held that plaintiff's own conduct contributed to bringing about the injuries. Also, the Illinois statute as quoted in that case, does not seem to require an unlawful giving or sale as does the New York statute. In this jurisdiction, it is not the mere sale which is forbidden, but the unlawful sale, causing or contributing to the intoxication which proximately causes the injury for which recovery is sought.

The facts and circumstances of this case afford no basis for a conclusion that plaintiff is guilty of complicity in the wrongful conduct of the bartender.

The judgment appealed from should be affirmed, with costs and disbursements to respondent.

STEUER, J. (dissenting). The action is brought pursuant to section 16 of the Civil Rights Law, commonly called the "Dram Shop Act." As far as material to this action, the act provides that any person injured by an intoxicated person by virtue of his intoxication may recover for those injuries against any person who unlawfully sells liquor to the intoxicated person which either causes or contributes to his intoxication.

The facts are that on the evening of February 2, 1960, the plaintiff, in the company of a man named Taylor and another

couple, went to a cafe called " The Shoals ", operated by the defendant. There the party danced and drank from 9 P.M., when they arrived, until about 1 A.M. of the following morning, when they left. It appears that the party had four rounds of drinks together, and after that there was some disparity between the consumption of the various members. As far as the plaintiff is concerned, her testimony was that after her fourth or fifth drink she lost count and some time and some drinks later she fell asleep. It appears that Taylor continued to drink, and the jury was justified in finding that defendant's bartender continued to serve him after it was obvious that he was intoxicated. When the party left, plaintiff was put in Taylor's car by the other couple, with the expectation that one of them rather than Taylor should drive. But he eluded them and drove off before they had an opportunity to get in the car. Some distance away Taylor drove the car into the side of a building. He was killed and the plaintiff was seriously injured.

It is clear that the persons intended to be benefited by the statute are innocent third persons who are the victims of the acts of the intoxicated person. Though a literal reading of the statute might indicate otherwise, neither the intoxicated person nor, if he should be killed, the representatives of his estate could recover (*Scatorchia* v. *Caputo,* 263 App. Div. 304; cf. *Moyer* v. *Lo Jim Cafe,* 19 A D 2d 523, affd. on other grounds 14 N Y 2d 792). We believe that the same rationale would and should bar one who was a participant in the same drinking bout which produces the intoxication. Our attention has not been called to any decision in this State where the question has arisen. It has, however, arisen in three States with statutes similar to our own.

In *Morton* v. *Roth* (189 Mich. 198) the plaintiff and one McMahon made a tour of saloons, alternately treating each other until both were intoxicated. Subsequently plaintiff was injured through McMahon's management of the car. Under a statute almost identical with that under review, the court said (p. 202) : " In my opinion, he [plaintiff] is not an ' other person ' within the meaning of the statute sued upon, and the ruling and direction complained about were right." The ruling referred to was the direction of a verdict for the defendant.

The Superior Court of Connecticut reached a similar conclusion, saying: " It cannot be said that the statute contemplates giving a remedy to one who joins and participates in and contributes to the violation of it." (*Cookingham* v. *Sullivan,* 23 Conn. Sup. 193, 196.)

In both of these cases the intoxicated persons and the injured plaintiffs who drank with them were men and all contributed toward paying for the liquor. This, however, is not a controlling feature. A woman companion who participates in the spree is likewise not a person intended by the statute to be a beneficiary. The question was considered in *James* v. *Wicker* (309 Ill. App. 397) which, for frequent and out-of-State citation, appears to be the leading case on the subject. The court said (pp. 405–406): " In the instant case we think the evidence shows plaintiff, Laughlin, and the other two persons were more or less under the influence of liquor when they left the tavern and while obviously plaintiff did not purchase any of the liquor, we think she was a ' willing party ' not free from ' complicity ' but on the contrary was a participant in what was done in that regard at the tavern and not an innocent person, who alone, is entitled to recover under the statute."

Upon plaintiff's case the complaint should have been dismissed. Nevertheless, we deem it advisable to call attention to errors in the charge, both of form and substance, which in any event would necessitate setting aside the verdict. The court treated the action as if it were one in negligence. It is not (*Moyer* v. *Lo Jim Cafe, supra*). Neither negligence nor contributory negligence is a factor. The jury was told that if plaintiff lapsed into unconsciousness prior to her entry into the car she would not be chargeable with negligence, whereas otherwise she could be found to have consented to ride with the intoxicated Taylor. That is not the test. She is barred if she is a participant in the process by which Taylor became intoxicated, and she is not exonerated by the fact that she herself had reached a state of intoxication prior to the accident. As to form, the court made an unnecessarily elaborate presentation of the facts, including a detailed review of the medical testimony which could only be prejudicial.

The judgment should be vacated and the complaint dismissed on the law and the facts, with costs and disbursements to the appellant.

Rabin and Eager, JJ., concur with Stevens, J.; Steuer, J., dissents in opinion in which Breitel, J. P., concurs.

Judgment affirmed, with $50 costs to the respondent.