Arthur O. Aulisi, J.
The first above-entitled action was brought by the infant plaintiff to recover for injuries sustained by him in the early morning of May 9, 1970, when a motor vehicle he was operating left the highway striking various objects. He will be referred to as “ infant.”
The second action was brought by Lawrence Wilkins and June Wilkins, his parents, for loss of services, comfort and society of the infant. They will be referred to as “ parents.”
Both complaints allege that the infant is 16 years old; that on the 8th and 9th days of May, 1970, the defendants unlawfully sold alcoholic beverages to the infant in violation of section 65 of the Alcoholic Beverage Control Law; that defendants knew or could ascertain by observation or inquiry that the infant was under the age of 18 years, and/or that the infant was under the influence of alcoholic beverages; that the sale of the alcoholic beverages to the infant caused or contributed to his intoxication, and due to the condition contributed to by defendants, the vehicle later operated by the infant left the highway resulting in personal injuries to Thomas Wilkins.
Although both complaints allege basically the same facts, the infant and the parents seek recovery for their respective damages on different theories. The cause of action in favor of the infant is grounded in negligence for selling to a minor *738 in violation of the Alcoholic Beverage Control Law, and under circumstances when defendants knew or could have ascertained that the infant was under the influence of alcoholic beverages, thus contributing to his intoxication and the resulting motor vehicle accident. The infant’s complaint further alleges that defendants are solely responsible for their acts and that the infant is not guilty of contributory negligence since he did not know or realize the nature, quality and consequences of his voluntary act.
The parents’ cause of action, unlike that of the infant, is not based on negligence but is specifically predicated on the statutory right of action which they allege to ‘£ have become entitled under Section 11-101 of the General Obligations Law,” which provides as follows: £ ‘ 1. Any person who shall be injured in person, property means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages. * * *
£< 4. In any case where parents shall be entitled to such damages, either the father or mother may sue alone therefor, but recovery by one of such parties shall be a bar to suit brought by the other.”
Defendant Weresiuk moves to dismiss the complaint in both actions on the ground that the statutory cause of action under said section 11-101 (commonly called Dram Shop Act) is unavailable to the infant. It is well established that the statute does not create a cause of action in favor of a person whose intoxication has resulted from the illegal sale. (Moyer v. Lo Jim Cafe, 19 A D 2d 523, affd. 14 N Y 2d 792; Scatorchia v. Caputo, 263 App. Div. 304.) In the instant case, therefore, the infant has no cause of action available to him under the statute. However, the infant’s complaint is not based on the statute. It makes no reference to or any claim under section 11 — 101. In general terms, the complaint states a cause of action in negligence sufficient to resist a motion for dismissal. Whether or not the infant can establish his case in negligence must await the proof produced at trial.
The parents’ cause of action is not a derivative one as the movant argues. It is not the ordinarily asserted claim of parents in negligence cases. It is a right -created by statute which is unknown at common law (Playford v. Perich, 2 Misc *739 2d 170) and forms the basis for a recovery against the alleged seller, by “ any person ” who has sustained injury in person, property, means of support or otherwise by any intoxicated person or by reason of the intoxication of any person. In Peters v. Baron (204 Misc. 422) the court held that a husband may maintain an action for damages and loss sustained by him through the unlawful sale of intoxicating liquors to his wife, even though the statute does not give rise to a cause of action in favor of the wife who became intoxicated. It is my opinion that the term “ any person” as used in the statute includes parents. (Berkeley v. Park, 47 Misc 2d 381; Scatorchia v. Caputo, supra; 2 N. Y. Jur., Alcoholic Beverages, p. 619, § 121.) Accordingly, the defendant Weresiuk’s motion to dismiss the complaints must be denied.