Raymond L. Wilkes, J.
There has seldom, if ever, been a cause more suited to the timeless truism that ‘ ‘ young men embrace more than they can hold, stir more than they can quiet, and fly to ends without consideration of means.”
This is an action which poses a question never before directly determined in a reported case in this State. It is a suit by an infant against the defendants who own, operate and control a bar and grill in Atlantic Beach, New York, to recover for personal injuries, and it arises out of certain incidents which took place June 21, 1967, on the defendants’ premises when the plaintiff engaged in what he characterized as a drinking contest. At the time the plaintiff was 17 years of age, making it malum prohibitum to serve alcohol to him. (See People v. Gar Bob Corp., 49 Misc 2d 88; People v. Danchak, 24 A D 2d 685; Matter of Ross’s Dairies v. Rohan, 10 A D 2d 987, rearg. *818 den. 11 A D 2d 714; Matter of Sheibar v. New York State Liq. Auth., 4 A D 2d 442.)
The nncontroverted testimony establishes that the defendants incredibly served the infant plaintiff 13 drinks of a ldnd known as “ Seven & Seven ’ ’ within a period of one hour. Bach serving contained an intoxicating beverage bearing a brand name of established repute. After 9 or 10 such drinks the plaintiff, not surprisingly, fell from his bar stool. However, with a tenacity characteristic of the young, he managed to clamber back and consume four more of same, all within the aforementioned hour. At approximately 9:30 p.m. he left his increasingly precarious perch and proceeded to the door, where, to the surprise of no one in particular, he understandably fell, as though poleaxed, straight out the front door, landing, but literally, flat on his face, incurring substantial injuries to his face and teeth and, to a lesser extent, to his shoulder. The testimony of his dentist established that the plaintiff fractured three teeth, requiring considerable root canal work and crowns, all of which was completed, the fair and reasonable value thereof being $485, paid by his father.
In addition, the plaintiff testified that he was taken to St. Joseph’s Hospital, where seven stitches were placed in his chin and that he had pain in his chin and right shoulder for approximately two or three weeks after the incident.
The defendants rested, without calling a witness or offer of proof, and seek to defeat the plaintiff’s cause of action, in effect, solely upon the ground of contributory negligence, their premise being, that voluntary intoxication constitutes contributory negligence barring recovery and that there is no special duty resting upon a defendant to protect a plaintiff from his own intoxication. (See Kinne v. Town of Morristown, 184 App. Div. 408; Kenney v. Rhinelander, 28 App. Div. 246, affd. 163 N. Y. 576; Fardette v. New York & Stamford Ry. Co., 190 App. Div. 543; Moyer v. Lo Jim Cafe, 19 A D 2d 523, affd. 14 N Y 2d 792; Rodak v. Fury, 31 A D 2d 816.)
The plaintiff, on the other hand, relies in part upon section 11-101 of the General Obligations Law, generally known as the Dram Shop Act or Civil Damage Act, which provides that: ‘ ‘ Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or con *819 tributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages.”
This section created a statutory right of action against one who sells liquor to an intoxicated person. Such a cause of action was unknown at common law and is not based upon negligence. (See Moyer v. Lo Jim Cafe, supra, and Bator v. Barry, 282 App. Div. 324.)
Most germane to this case, however, is the fact that such statutory cause of action is limited to a third party who is injured or killed by the intoxicated person by reason of his intoxication and no cause of action exists in favor of the party whose intoxication resulted from the illegal sale. (See Playford v. Perich, 2 Misc 2d 170; Mitchell v. The Shoals, 19 N Y 2d 338; Bizzell v. N. E. F. S. Rest, 27 A D 2d 554; Moyer v. Lo Jim Cafe, supra; cf. McNally v. Addis, 65 Misc 2d 204.) It is of interest to note in passing that Bissel v. N. E. F. S. Rest (supra) involved a quite similiar fact pattern to the cause at bar; namely, that plaintiff fell leaving the defendants’ premises. However, it is readily distinguishable in that the plaintiff therein was not a minor and the court held that the statute did not create a cause of action in favor of a person whose intoxication has resulted from the illegal sale (sale to an obviously intoxicated person) and limited the plaintiff’s action to one in negligence which could readily be defeated by virtue of his contributory negligence. See, also, Saronen. v. Olde Milford Inn (84 N. J. Super. 372, revd. on other grounds 46 N. J. 582) wherein New Jersey holds to the contrary; namely, that contributory negligence is not available as a defense to a tavern keeper who negligently sells alcoholic beverages to a visibly intoxicated person.
To summarize, it is manifest that this infant plaintiff’s cause of action cannot survive upon a common-law theory of negligence, nor can it succeed pursuant to section 11-101 of the General Obligations Law.
Despite the foregoing, however, it comes to mind that Justice Holmes once wrote, in his incandescently imperishable style, “ That to doubt one’s own first thoughts is the mark of a civilized man.” From that philosophical premise, to which this court has oft paid heed, it continued its voyage of discovery herein to the harbor where it appeared that there is yet another theory of law pursuant to which this infant plaintiff may recover.
It seems that the law is replete with statutes of a kind which effectively place the entire responsibility for harm which occurs *820 upon a defendant. In order to effectuate their purpose, however, it must appear that the statute was enacted in order to protect a certain class of persons against their own inability to protect themselves. (See Be statement, Torts 2d, § 483.) For example, a statute which prohibits the sale of firearms to minors has as its purpose the protection of the minor against his own inexperience and lack of judgment and makes the seller solely responsible for any harm resulting to the child from the sale of the firearm. The same is true of those statutes Imown as child labor laws. Their object is likewise to protect children against the carelessness and negligence which presumably attach to their immaturity. In such instances the underlying rationale of the statutes would be defeated if the contributory negligence of the minor were permitted to bar recovery.
Our Court of Appeals called this graphically to mind in Karpeles v. Heine (227 N. Y. 74). The statute in question there prohibited children under the age of 16 from operating an elevator either for freight or passengers. In violation thereof a boy less than 14 years of age was permitted by the superintendent of the building to operate an elevator carrying workmen to an upper floor. On the way down the infant plaintiff stopped at the second floor and left the elevator for some purpose, leaving the door open. For some reason the elevator moved upward. The infant returned, walked through the open door, fell through the shaft and brought suit for the injuries thus sustained. The court held that the statutory prohibition was not a mere regulation but an absolute and unqualified prohibition. Since the purpose (among others) of the statute was to protect a person of such immature age from operating an elevator, the court held that the plaintiff having been permitted to operate it contrary to the express prohibition of the statute, cannot have his action defeated by his own contributory negligence.
Yet again the Court of Appeals in 1948 in Koenig v. Patrick Constr. Corp. (298 N. Y. 313) held that where a statute was enacted to protect a certain class of persons, the contributory negligence of such persons could not frustrate recovery. In that case the defendant violated a statutory duty to furnish the plaintiff with safe equipment. However, since the plaintiff was in the class of persons sought to be protected, he, too, received the full benefit of the statute. The court held that since the purpose of the statute was to provide protection to the plaintiff and others in the same class, it would be inconsistent *821 if his contributory negligence were permitted to bar recovery, citing Karpeles v. Heine (supra) as authority for its conclusion.
The Appellate Division, Second Department, in Runkel v. City of New York (282 App. Div. 173) citing Karpeles v. Heine (supra) held where an abandoned building collapsed, injuring infants who were actually trespassers, that contributory negligence and the conduct of the infant plaintiffs in trespassing, would not defeat their right of recovery, since the defendant violated provisions of the Building Code of the City of New York and the Multiple Dwelling Law in maintaining an inherently dangerous structure and a nuisance.
Turning at long last to the case at hand, subdivision 1 of section 65 of the Alcoholic Beverage Control Law, which the plaintiff in his bill of particulars alleges the defendants violated, can only be interpreted as having been enacted to protect a minor against his own immaturity, lack of experience and judgment. Its purpose was and is to protect children. (See People v. Arriaga, 45 Misc 2d 399, 401; Matter of Erin Wine & Liq. Store v. O’Connell, 283 App. Div. 443, affd. 307 N. Y. 768.) It is the considered view of this court, that the same interpretation given to the statutes in Karpeles v. Heine and Koenig v. Patrick Constr. Corp. (supra) should be applied to subdivision 1 of section 65 of the Alcoholic Beverage Control Law.
This court therefore holds that subdivision 1 of section 65 of the Alcoholic Beverage Control Law (sale to minor), obviates the need to establish freedom from contributory negligence.
The plaintiff has satisfactorily established negligence upon the part of the defendants and that such negligence was the proximate cause of his injuries. Indeed, the negligence of the defendants in this instance borders upon the realm of wanton disregard for the safety of the minor to whom they served 13 drinks within one hour interspersed with a bar stool fall. These defendants should have engaged in the discomfort of thought before indulging in the luxury of such service. Having chosen the alternative of profit over prudence, they accepted the peril of consequence. The opportunity to profit from infants imposes the responsibility of protecting them from themselves.
Judgment is hereby rendered in behalf of the infant plaintiff in the sum of $2,500 upon the first cause of action and in the sum of $985 in behalf of the infant’s father upon the second cause of action. All motions made by the defendants at the conclusion of the plaintiff’s case and of the entire case are denied with exceptions in each instance.