Edward S. Conwat, J.
This is a motion for an order restoring the above-entitled action to the trial calendar for trial on the grounds that the said action is ready for trial and that a good cause exists for its restoration to the calendar. The court will treat this as a motion to open a default and to restore the case to the general calendar.
The same relief was denied by this court in an opinion dated June 22, 1972 on the ground that the affidavit of the attorneys for the plaintiffs was inadequate to restore the case.
On this motion the plaintiffs have furnished an affidavit of the plaintiff Beverly Garlinghouse who alleges that she has personal knowledge of the facts and her affidavit alleges in detail all of the necessary facts required to state a good statutory cause of action pursuant to section 11-101 of the General Obligations Law.
In the court’s original opinion it states by way of dicta: “ It is the opinion of this Court that there is no merit to the basic cause of action under Section 11-101 of the General Obligations Law, for neither an intoxicated person nor his estate can recover under that statute. See Santora v. DiMarco, 65 Misc 2d 817; McNally v. Addis, 65 Misc 2d 204.”
*433 However, the court granted leave to renew the motion on proper papers.
It is now the opinion of this court thát there is merit to the basic cause of action under section 11-101 of the G-eneral Obligations Law, for it is now pointed out to this court by the plaintiffs that the plaintiffs are suing as individuals; to wit: the wife and children of the decedent who, it is alleged, met his death due to intoxication which was caused by or contributed to by the service to him of alcoholic beverages in the presence of the plaintiff Linda Garlinghouse, his wife, while he was already intoxicated.
Justice Arthur 0. Aulisi stated in Wilkins v. Weresiuk (64 Misc 2d 736, 738) as follows: “ The parents’ cause of action is not a derivative one as the movant argues. It is not the ordinarily asserted claim of parents in negligence cases. It is a right created by statute which is unknown at common law (Playford v. Perich, 2 Misc 2d 170) and forms the basis for a recovery against the alleged seller, by any person ’ who has sustained injury in person, property, means of support or otherwise by any intoxicated person or by reason of the intoxication of any person. In Peters v. Baron (204 Misc. 422) the court held that a husband may maintain an action for damages and loss sustained by him through the unlawful sale of intoxicating liquors to his wife, even though the statute does not give rise to a cause of action in favor of the wife who became intoxicated. It is my opinion that the term ‘ any person ’ as used in the statute includes parents. (Berkeley v. Park, 47 Misc 2d 381; Scatorchia v. Caputo, supra; 2 N. Y. Jur., Alcoholic Beverages, p. 619, § 121.) Accordingly, the defendant Weresiuk’s motion to dismiss the complaints must be denied.”
This court would only add that in its opinion such a cause of action not only lies in favor of the parents of an infant for his loss of services, but also for minor children for the death of a parent by intoxication and for a wife for the death of her husband. (2 N. Y. Jur., Alcoholic Beverages, p. 621, § 125.)
The court is of the further opinion that although the case was stricken from the deferred calendar under rule 861.17 of the Buies of the Third Judicial Department (22 NYCRR 861.17) and CPLR 3404, it should be restored for there is an adequate showing by the plaintiffs that the case has merit and that it was not, in fact, abandoned nor was there a neglect to prosecute and there is no showing of prejudice to the defendants.
The motion of the plaintiffs is granted.