James P. O’Donnell, J.
The defendants, Bill Feigel’s Tavern, Inc., also known as Valley Lounge, and other defendants move this court pursuant to CPLR 3211 seeking to dismiss the complaint of the infant, Barry Vadasy, and his father, Louis Vadasy, for failure to state a cause of action.
The plaintiff, an infant of 17 years of age at the time of the incident, brings a cause of action against the defendants for personal injuries, basing his action upon four separate and distinct causes of action as alleged in his complaint. The first cause of action set forth appears to be a cause of action against the defendants for serving the infant plaintiff alcoholic beverages in violation of section 65 of the Alcoholic Beverage Control Law, which resulted in personal injury to the infant. The defendant claims that the first cause of action is based upon section 11-101 of the General Obligations Law (the Dram Shop Act).
The second cause of action appears to be a cause of action in common-law negligence. The third cause of action is set forth on the doctrine of strict liability and the fourth cause of action on behalf of the plaintiff, Louis Vadasy, father of the infant, sues for loss of services of the infant son, as well as the medical expenses connected with treating the son.
Let us first address ourselves to the first cause of action as outlined in plaintiff’s complaint. The plaintiff urges upon the court that a cause of action exists on violation of subdivision 1 of section 65 which prohibits the sale of alcoholic beverages to a minor actually or apparently under the age of 18 years. The only case reported, to the knowledge of this court, which upholds the contention of the plaintiff is Santoro v Di Marco (65 Misc 2d 817), a District Court of Nassau County case, which held that a violation of the above section constitutes a *616 cause of action for the plaintiff and contributory negligence is not a defense to the cause of action.
Section 65 of the Alcoholic Beverage Control Law does not create an independent statutory cause of action, but must be read with section 11-101 of the General Obligations Law (formerly Civil Rights Law, § 16) to constitute a cause of action. (Moyer v Lo Jim Cafe, 19 AD2d 523, affd 14 NY2d 792.) No cause of action exists in favor of the party whose intoxication has resulted from the illegal sale. (Scatorchia v Caputo, 263 App Div 304.) The courts have long held that no special duty rests upon defendant to protect the plaintiff from results of his own voluntary intoxication. (Fagan v Atlantic Coast Line R. R. Co., 220 NY 301.) The plaintiff, in urging the Santoro case upon the court, ignores the fact that the plaintiff was a 17-year-old boy about to enter the military service and certainly was sui juris at the time of the incident. It is the holding of this court that the first cause of action as set forth in the complaint be and hereby is dismissed.
The second cause of action, referred to as common-law negligence, likewise will not stand, since there is no special duty owing to a person who voluntarily becomes intoxicated. Neither the consumer nor the consumer’s estate has a cause of action under the statute. (Bizzell v N.E.F.S. Rest, 27 AD2d 554.)
Although common-law negligence is available in some instances, it would be available to a third party, not to the consumer of the alcohol. (Berkeley v Park, 47 Misc 2d 381; Playford v Perich, 2 Misc 2d 170.) The plaintiff’s cause of action for common-law negligence would be defeated by the intoxication of the plaintiff since as a matter of law the plaintiff would be guilty of contributory negligence and would be precluded from a recovery. (Rodak v Fury, 31 AD2d 816.) The plaintiff’s second cause of action be and hereby is dismissed.
The plaintiff’s third cause of action just recites the doctrine of strict liability. This, in and of itself, does not plead a cause of action since although the statute is somewhat penal in nature and describes the fine and calls for exemplary damages in some instances, the strict liability aspect of the statute runs to the benefit of third parties and not to the benefit of the consumer. The plaintiff’s third cause of action be and hereby is dismissed.
The father’s fourth cause of action is not the usual deriva *617 tive cause of action which one associates with an infant involved in a negligence case, but rather is statutory in. form, and section 11-101 of the General Obligations Law recites that any person who shall be injured in person, property, means of support or otherwise by an intoxicated person or by reason of the intoxication of any person may have a cause of action. Subdivision 4 of that statute states that in any case where parents shall be entitled to such damages, either the father or mother may sue alone therefor, et al. An old case (Westbrook v Miller, 98 App Div 590), reported in 1904, Judge Chase of the Third Department, held that the parent had a cause of action under section 30 of the old Liquor Tax Law, which prohibited sale or gifts of liquor to persons under the age of 18 years of age. In that instance the court held that the plaintiff may show a loss of services of the infant.
Since the father of this boy did not himself cause or procure the intoxication of the boy, recovery should not be denied him if he can prove loss of services of the child. (Mitchell v Shoals, 19 NY2d 338.)
It is the determination of this court that plaintiff Barry Vadasy’s complaint, alleging cause of action No. 1, cause of action No. 2 and cause of action No. 3 be and hereby is dismissed, without costs. It is likewise the determination of this court that the defendants’ motion to dismiss the fourth cause of action on behalf of the plaintiff Louis Vadasy, be and hereby is denied, without costs.