Harold ENDY, Sr., as Administrator of the Goods, Chattels, and Credits of Harold Endy, Jr., Deceased, Plaintiff,

v.

VILLAGE OF NYACK and Michael and Janice McCann, Inc. d/b/a "Just Jan's", Defendants.

No. 82 Civ. 5778(MEL).

United States District Court, S.D. New York.

Jan. 12, 1984.

---

Elkind, Flynn & Maurer, P.C., New York City, for plaintiff.

Scapolito, Solinger & O'Brien, Mount Vernon, N.Y., for defendant Village of Nyack; James T. O'Brien, Mount Vernon, N.Y., of counsel.

Dubbs & DePodwin, New City, N.Y., for defendants Michael and Janice McCann, Inc., d/b/a "Just Jan's".

LASKER, District Judge.

Defendant Village of Nyack ("Nyack") moves to dismiss the complaint based on the absence of diversity between the parties and for failure to state a claim upon which relief can be granted. Nyack also moves for summary judgment on the grounds that uncontroverted facts establish as a matter of law that the death of the decedent, Harold Endy, Jr., did not result from negligence on the part of Nyack. Defendant Michael and Janice McCann, Inc. ("McCann Inc.") move for summary judgment on the ground that New York General Obligations Law Section 11–101 McKinney's (the "Dram Shop Act") creates no cause of action in favor of the estate of a decedent whose death was caused by his own voluntary intoxication.

Nyack's motions are denied. Nyack argues that diversity of citizenship is lacking because, although plaintiff, the decedent's father, is a resident of Florida and the defendants are all residents of New York, the decedent was a New York resident and plaintiff was appointed as administrator of the estate by a New York court. This argument is without merit. Absent a showing that the appointment of an out-of-state administrator was obtained in order to "manufacture" federal diversity jurisdiction, a suit by an out-of-state administrator is properly within the diversity jurisdiction of the court, regardless of the residence of the decedent at the time of his death. *See Barnes v. Tenin*, 429 F.2d 117, 118 n. 2 (2d Cir.1970); *cf. O'Brien v. Avco Corpora-*

*tion,* 425 F.2d 1030 (2d Cir.1969). Nyack does not suggest that plaintiff sought appointment as administrator in order to confer jurisdiction on the court. It follows that the case is properly before the Court.

▮ Nyack also argues that the complaint fails to state a claim for relief, citing the rule that "to sustain liability against a municipality, the duty breached must be more than a duty owing to the general public." *Florence v. Goldberg,* 44 N.Y.2d 189, 404 N.Y.S.2d 583, 375 N.E.2d 763 (1978). The complaint, however, does allege facts showing the assumption by Nyack of a special duty to the decedent. The complaint states:

> "The defendant, Village of Nyack, by its Police Officers, took custody of the helpless person of the decedent by taking the keys of a motor vehicle in which he was found by said Police, and omitted and neglected to report or otherwise care for or tend to the decedent."

Complaint, ¶ 5(b). Even assuming that the police officers had no initial duty to assist the decedent, they assumed a duty to use due care if they in fact undertook to assist him. As stated in *Florence, supra,*

> "where a municipality assumes a duty to a particular person or class of persons, it must perform that duty in a nonnegligent manner, notwithstanding that absent its voluntary assumption of that duty, none would have otherwise existed. As Chief Judge Cardozo succinctly stated: 'The hand once set to a task may not always be withdrawn with impunity though liability would fail if it had never been applied at all.'"

44 N.Y.2d at 196, 404 N.Y.S.2d at 587, 375 N.E.2d at 766 *quoting Moch Co. v. Rensselaer Water Co.,* 247 N.Y. 160, 167, 159 N.E. 896, 898 (1928)[1] The complaint's allegation that the police officers "took custody of the helpless person of the decedent" is adequate to state a claim for relief under these legal principles.[2]

▮ Nyack also argues that it is entitled to summary judgment because the record establishes that the officers exercised reasonable care in the circumstances. In so arguing, Nyack asks the Court to take "judicial notice" of the fact that intoxicated persons often "sleep off" the effects of intoxication with no permanent damage to themselves, and that it was reasonable for the officers to assume that the same would be true of the decedent.[3] These arguments clearly call for factual conclusions which are within the province of the trier of fact and cannot be resolved on a motion for summary judgment.[4] The motion therefore is denied.

McCann Inc. moves for summary judgment on the ground that the plaintiff has brought this action solely in his capacity as administrator of the estate of the decedent, and that New York's Dram Shop Act creates no cause of action in favor of the estate of a decedent whose death was caused by his own voluntary intoxication. McCann Inc. correctly states the law. *See Matalavage v. Sadler,* 77 A.D.2d 39, 43–44, 432 N.Y.S.2d 103, 106 (2d Dep't.1980), and cases cited therein.

▮ However, the Act does permit recovery by the parent of a decedent, if an action is brought in the parent's individual

---

**1.** *See also Dunham v. Village of Canisteo,* 303 N.Y. 498, 104 N.E.2d 872 (1952) (where village officials took custody of incoherent 76-year-old man, they were under obligation to exercise ordinary care, including the procurement of medical assistance if they knew or should have known that such assistance was necessary).

**2.** It is true that McCann Inc.'s cross-claim against Nyack is not as specific as the complaint and alleges simply that the plaintiff's damages are "due to the affirmative and active negligence on the part of the defendant, Nyack," and resulted from Nyack's "breach of duty." ¶¶ 12, 13.

These allegations, however, especially when read in light of the complaint, are adequate under the "notice pleading" rule of Federal Rule of Civil Procedure 8.

**3.** *See* "Brief of Defendant, Village of Nyack, in Support of Motion," at pp. 16–18.

**4.** *See, e.g., Florence, supra,* 44 N.Y.2d at 197, 404 N.Y.S.2d at 588, 375 N.E.2d at 767 (whether police department negligently performed the duty it assumed of supervising school crossings is question of fact for jury).

capacity. *See Wilkins v. Weresiuk,* 64 Misc.2d 736, 316 N.Y.S.2d 360 (Sup.Ct., Saratoga County 1970). In his response to McCann Inc.'s motion, the plaintiff seeks leave to amend the caption to assert a cause of action in Harold Endy, Sr.'s individual capacity. McCann Inc. claims prejudice from such an amendment, contending that all discovery has been carried out on the assumption that only the decedent's damages are at issue, and that prosecution of the action in the individual capacity of the parent will require discovery of, *e.g.,* the extent and nature of the support provided by the decedent to his parents, and the value of the loss of the decedent's companionship. McCann Inc. argues that, if leave to amend is granted, it should be on condition that additional discovery be permitted, and contends that in view of the lateness of the amendment plaintiff should be required to pay the costs of such further discovery as well as the costs of McCann Inc.'s motion.

We agree that the granting of leave to amend will require additional discovery. However, it is not clear that any prejudice to McCann Inc. resulting from the delay in the amendment is exclusively the fault of the plaintiff. While it is true that leave to amend could have been sought by the plaintiff prior to discovery, it is also true that McCann Inc. could have pointed out the technical deficiency in the complaint by way of a motion to dismiss prior to discovery as well. Thus, while it is unfortunate that this deficiency was not corrected earlier, the prejudice to McCann Inc. is not such as to warrant denial of leave to amend, or to require the assessment against plaintiff of the costs of bringing the instant motion. However, under the circumstances we believe the additional discovery should take place in New York rather than in Florida, or in the alternative that the "new" plaintiff should bear the costs of taking the discovery in Florida.

In sum, Nyack's motions to dismiss the complaint and for summary judgment are denied. McCann Inc.'s motion for summary judgment is denied on condition that plaintiff file an amended complaint in accordance with this opinion, and on condition that the additional discovery take place in New York or that plaintiff bear the costs of conducting it in Florida. A schedule for further discovery will be set at a pre-trial conference following entry of this order.

It is so ordered.