■ DOROTHY REUTER et al., Appellants, v FLOBO ENTERPRISES, LTD., et al., Respondents.—In negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), dated February 22, 1985, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) and CPLR 3212 to dismiss the plaintiffs' first and third causes of action and to limit the plaintiffs' recovery under the second cause of action.

Order affirmed, with costs.

On the evening of September 30, 1983, the 17-year-old infant plaintiff allegedly drank an excessive quantity of alco-

holic beverages at a bar located in Poughkeepsie which was owned and operated by the defendants. Subsequently, in the early morning hours of October 1, 1983, while driving through the Town of Hyde Park, the infant plaintiff, who was allegedly intoxicated, was involved in an accident in which he sustained serious personal injuries.

The plaintiffs' complaint sets forth three causes of action: the first seeks recovery on behalf of the infant plaintiff predicated upon common-law negligence and for violation of General Obligations Law § 11-101 (hereinafter the Dram Shop Act). The second seeks recovery by the infant plaintiff's parents for actual medical costs, loss of services and companionship. The third seeks recovery by the infant plaintiff of punitive damages for gross negligence.

The Supreme Court, Dutchess County, correctly dismissed the first and third causes of action. The Dram Shop Act when read in conjunction with Alcoholic Beverage Control Law § 65 (see, Matalavage v Sadler, 77 AD2d 39, 42), provides that a person who is injured by an intoxicated person or by reason of such intoxication has a cause of action against dispensers of alcoholic beverages who continue to sell such beverages to an intoxicated customer, or one who is apparently under the influence of alcohol. However, it is well established that the Dram Shop Act does not create a cause of action in favor of the individual whose intoxication resulted from the unlawful sale of alcohol (Mitchell v The Shoals, Inc., 19 NY2d 338; Delamater v Kimmerle, 104 AD2d 242; Matalavage v Sadler, supra; Paul v Hogan, 56 AD2d 723; Scatorchia v Caputo, 263 App Div 304). It is equally well established that our courts have declined to impose common-law negligence liability upon dispensers of alcoholic beverages for the injuries of voluntarily intoxicated customers, where, as here, the injury occurs beyond the area where supervision and control may reasonably be exercised (see, Allen v County of Westchester, 109 AD2d 475; Wright v Sunset Recreation, 91 AD2d 701; Peters v Baron, 204 Misc 422).

Although the intoxicated infant plaintiff has no cause of action predicated upon either principles of common-law negligence or statutory violations, the infant's parents may sue individually under the Dram Shop Act as parties suffering a loss which resulted from the injury of the intoxicated person (see, General Obligations Law § 11-101 [4]; Matalavage v Sadler, supra; Dynarski v U-Crest Fire Dist., 112 Misc 2d 344; Wilkins v Weresiuk, 64 Misc 2d 736; Peters v Baron, supra). However, because the parents' cause of action is derived solely

from the Dram Shop Act, Special Term correctly limited the recovery under the second cause of action to that provided for by the act. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.