OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified to grant defendants’ motion for summary judgment to the extent of dismissing the claim for "economic” loss of consortium, and as so modified, affirmed, with costs to appellant.
Plaintiff’s wife, Judy H. Valicenti, was killed in an automobile accident while driving home from the defendants’ bar in the City of Elmira. Plaintiff’s complaint, in a single cause of action, sought recovery on behalf of himself and his minor children for Mrs. Valicenti’s death under two theories. First, it alleged negligence by defendants for their sale of alcoholic beverages to decedent "in that they knew or should have known that [she] was intoxicated and under the influence of *828 intoxicating liquors at the time.” Second, the complaint sought recovery under the Dram Shop Act (General Obligations Law § 11-101) for their loss of "support, maintenance, care, nurture, love, guidance, training and education.” Defendants subsequently moved for summary judgment, relief that was denied by Special Term. The Appellate Division modified by dismissing plaintiff’s negligence cause of action and so much of plaintiff’s claim as sought noneconomic damages for loss of consortium under the Dram Shop Act.
Defendants’ principal contention was that no factual question of the husband’s or children’s loss of "means of support” had been raised because the deceased left her family about 11 months before her death and had been supported during that time, at least in part, by her husband. Indeed, defendants argued, decedent’s excessive life-style had caused a drain on the family’s financial resources. Alternatively, defendants sought partial summary judgment by striking that part of the plaintiffs’ complaint claiming damages for loss of parental consortium. Plaintiff responded to the motion with evidence of decedent’s earnings before her death and her potential earnings in the future as a real estate salesperson. He also alleged her strong interest in the training and education of the children to support his claim that she would have undertaken full employment in the future and contributed to the financial support of the children, had she lived.
Defendants contend that in order to maintain an action under the Dram Shop Act, a plaintiff must show that in consequence of the intoxication or the acts of the intoxicated person, the plaintiff has suffered a diminution in the actual support he or she was receiving at the time of the injury, and that such a diminution has reduced the plaintiff to a state of dependence. The statute was originally entitled "An Act to suppress intemperance, pauperism and crime” (L 1873, ch 646) and in an early case, relying heavily on that expressed legislative purpose, we construed its provisions narrowly (see, Volans v Owen, 74 NY 526, 530). Subsequently, however, the statute’s title was changed by the Legislature, it is now entitled "Compensation for injury caused by the illegal sale of intoxicating liquor” (emphasis added), and we recognized that the Legislature, by creating a new cause of action through the Dram Shop Act, did not alter the rules concerning recovery "but left them subject to the existing rules of damages, and to the facts established upon the trial” (Reid v Terwilliger, 116 NY 530, 533-534). Under those rules, as the Appellate Division cor *829 rectly held, the husband and children in this case are entitled to have the jury weigh all the direct and inferential evidence relating to their loss of "means of support”. The jury may consider both the evidence of the support decedent provided to the plaintiffs before her death and evidence of the support the plaintiffs could reasonably have expected but for her death (see, Matalavage v Sadler, 77 AD2d 39, 44; Scatorchia v Caputo, 263 App Div 304, 305; Peters v Baron, 204 Misc 422; Didocha v State of New York, 54 AD2d 786 [wrongful death]; cf. McNally v Addis, 65 Misc 2d 204).
The order must be modified, however, because, as the concurring Justice at the Appellate Division noted, the phrase "or otherwise” in the Dram Shop Act does not include damages resulting from loss of consortium, either economic loss or noneconomic loss. Loss of consortium is not allowed under the common law (De Angelis v Lutheran Med. Center, 58 NY2d 1053) and "[i]f a change should be made, it is for the Legislature, and not the courts, to make” (Liff v Schildkrout, 49 NY2d 622, 634).
Because the Appellate Division erred by not dismissing so much of the complaint as sought "economic” loss of consortium damages under the Dram Shop Act, we answer the question certified to us in the affirmative.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order modified in accordance with the memorandum herein and, as so modified, affirmed, with costs to appellants. Question certified answered in the affirmative.