■ PAMELA RAYNOR, Respondent, v C.G.C. GROCERY CORP., Doing Business as 7-ELEVEN FOOD STORES, et al., Appellants. (And a Third-Party Action.)—In an action to recover damages under General Obligations Law § 11-101, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Lama, J.), dated February 10, 1988, which denied their motion for summary judgment dismissing the complaint for failure to state a cause of action, and (2) so much of an order of the same court, dated May 31, 1988, as upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 10, 1988, is dismissed as that order was superseded by the order dated May 31, 1988, made upon reargument; and it is further,

Ordered that the order dated May 31, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff instituted the instant action pursuant to General Obligations Law § 11-101 (1) (the Dram Shop Act) seeking to recover damages arising from the death of her 17-year-old son who was killed while he was driving in an intoxicated state. The plaintiff alleges that the decedent purchased beer from the defendants and drank the beer sometime before the accident. In her complaint, the plaintiff seeks to recover damages, *inter alia,* for the loss of her son's financial support and funeral expenses. Following joinder of issue and certain pretrial discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the original motion and upon reargument adhered to that determination. We now affirm.

On the issue of the plaintiff's entitlement to recover for her son's loss of support, we conclude that her papers submitted in opposition to the appellants' motion for summary judgment are sufficient to raise a triable issue of fact. The plaintiff's deposition testimony indicates that the decedent had contributed $50 a week to the plaintiff for approximately a year and a half prior to his death and that she expected him to continue to do so until he entered college *(cf., Marsico v Southland Corp.,* 148 AD2d 503; *Scheu v High-Forest Corp.,* 129 AD2d 366). We note that this court's decision in *Marsico v Southland Corp. (supra)* is distinguishable from the case at bar since there, the evidence established that the decedent had not contributed to the plaintiff parent's support nor had the

minor decedent any duty to support the parent. On this point, we further note that the defendants have misread our ruling in *Marsico v Southland Corp. (supra)* as requiring both a showing of financial support and a legal duty on the decedent's part to support the plaintiff parent before the recovery for loss of support will be permitted under General Obligations Law § 11-101 (1).

Additionally, we conclude, contrary to the appellants' position, that under the circumstances of this case, the plaintiff has raised a triable issue of fact concerning her entitlement to recover her son's funeral expenses as a loss of "means of support" under General Obligations Law § 11-101 (1) *(Marsico v Southland Corp., supra,* at 505; *cf., Scheu v High-Forest Corp., supra).* To the extent that *Marsico v Southland Corp. (supra),* can be read as requiring that, in order to recover such expenses, the plaintiff must establish that those expenses reduced her to a state of dependency, we decline to follow it *(see, Valicenti v Valenze,* 108 AD2d 300, *mod on other grounds* 68 NY2d 826). Mollen, P. J., Thompson and Eiber, JJ., concur.

Lawrence, J., concurs with the result with the following memorandum: I agree with my colleagues that the defendants' motion for summary judgment was properly denied. However, with respect to the issue of the decedent infant's funeral expenses, I find that where recovery is sought by a parent individually, the standard of proof required to be met, as set forth in *Marsico v Southland Corp.* (148 AD2d 503, 505) should be followed *(cf., Valicenti v Valenze,* 108 AD2d 300, *mod on other grounds* 68 NY2d 826 [the cause of action therein was brought by the decedent's husband, individually and as parent and guardian of their children, to recover damages for the loss of both spousal and child support from the decedent wife]).