■ LISA McCULLOCH et al., Appellants, v THEOLA M. STAND-

ISH, Doing Business as BROWN BEAVER INN et al., Respondents.—Kane, J. P. Appeal from an order of the Supreme Court (Smyk, J.), entered September 19, 1989 in Broome County, which, *inter alia,* partially granted defendants' motions to dismiss the complaint for failure to state a cause of action.

Plaintiff Lisa McCulloch (hereinafter plaintiff) was severely injured when, in an intoxicated condition, she lost control of a vehicle she was operating on State Route 221W in Cortland County. Plaintiff and her mother have commenced this action against defendants, four different establishments where plaintiff, who was 19 years old at the time, was allegedly sold the alcoholic beverages that led to her intoxication. The complaint contained nine causes of action, the first four brought by plaintiff alleging common-law negligence on the part of each defendant, respectively. The fifth cause of action was by plaintiff against all four defendants based on violations of Alcoholic Beverage Control Law § 65. Plaintiff's mother alleged common-law negligence by all four defendants in the sixth cause of action. The seventh cause of action sought punitive damages and was by both plaintiff and her mother for "willful, wanton, reckless and intentional" conduct of defendants in violation of Alcoholic Beverage Control Law § 65. The eighth and ninth causes of action set forth statutory dram shop actions by plaintiff's mother. Defendants thereafter all moved to dismiss the complaint for failure to state a cause of action. Supreme Court, treating the motions as for summary judgment *(see,* CPLR 3211 [c]), dismissed the first through seventh causes of action but allowed plaintiff's mother to replead the seventh cause of action "if sufficient facts arise". Plaintiffs now appeal those dismissals.

"Rejecting any argument that a duty exists to protect a consumer of alcohol from the results of his or her own voluntary conduct, the courts of this State have consistently refused to recognize a common-law cause of action against providers of alcoholic beverages in favor of persons injured as a result of their own voluntary intoxication" *(Sheehy v Big Flats Community Day,* 73 NY2d 629, 636).* We are unpersuaded by plaintiffs' arguments that an exception to this well-founded rule of law should be acknowledged when the intoxicated person is under the statutory drinking age, as is the

---

* The single exception to this rule, where a property owner fails to protect others on premises within his control from the acts of an intoxicated person, has no relevance here.

case at bar. Contrary to plaintiffs' position, the majority of judicial precedent in this State would not support such an exception *(see, e.g., Etu v Cumberland Farms,* 148 AD2d 821; *Reuter v Flobo Enters.,* 120 AD2d 722; *Vadasy v Feigel's Tavern,* 88 Misc 2d 614, *affd* 55 AD2d 1011; *but see, Wilkins v Weresiuk,* 64 Misc 2d 736), and we find nothing compelling in the particular facts of this case that calls for departure from the general rule. Accordingly, Supreme Court properly dismissed plaintiffs' causes of action in this regard. As to the seventh cause of action wherein plaintiff's mother seeks punitive damages, we find the record contains sufficient factual allegations of defendant Atlantic Refining & Marketing Corporation's willful, wanton, reckless and intentional conduct to allow that claim as to it at this point in the litigation *(see, Bikowicz v Nedco Pharmacy,* 100 AD2d 702). As to the remaining defendants, we affirm Supreme Court's order allowing plaintiff's mother to "reassert" the seventh cause of action if sufficient facts support it.

Order modified, on the law, without costs, by reversing so much thereof as granted the motion and dismissed the seventh cause of action against defendant Atlantic Refining & Marketing Corporation; motion denied to that extent; and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.