■ DONNA R. MCCAULEY, Respondent, v CARMEL LANES INC., Doing Business as BRIAR PATCH LOUNGE, Appellant, et al., Defendants.—Levine, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Dickinson, J.), entered August 22, 1990 in Putnam County, which, inter alia, granted plaintiff's motion for leave to serve an amended complaint, and (2) from that part of an order of said court, entered October 18, 1990 in Putnam County, which denied a motion by defendant Carmel Lanes Inc. to dismiss the amended complaint.

In March 1988, Stanley Rice was killed when he lost control of the vehicle he was operating while in an intoxicated condition and struck a tree in the Town of Carmel, Putnam County.

Plaintiff, Rice's mother, commenced this action alleging that defendants unlawfully sold, delivered or gave to Rice, then under age 21, the alcoholic beverages which caused his intoxication and ultimately his death. Following joinder of issue, plaintiff moved for leave to amend her complaint to include a claim for punitive damages and to assert causes of action under General Obligations Law §§ 11-100 and 11-101 and Alcoholic Beverage Control Law § 65. Defendant Carmel Lanes Inc. (hereinafter defendant) opposed the motion and crossmoved to dismiss the complaint for failure to state a cause of action. Supreme Court granted plaintiff's motion and an amended complaint was served shortly thereafter.

Subsequently, defendant made two separate motions to reargue the prior motions and to dismiss the amended complaint for failure to state a cause of action. Supreme Court denied both motions, concluding that plaintiff's amended complaint properly set forth causes of action under General Obligations Law §§ 11-100 and 11-101. These appeals by defendant followed.

Defendant's main contention on this appeal is that recovery under General Obligations Law § 11-100 is the sole civil remedy for persons injured as the result of the intoxication of a minor and, therefore, that plaintiff's cause of action under General Obligations Law § 11-101 should be dismissed. We disagree. It is clear from a reading of the legislative history and relevant case law that General Obligations Law § 11-100 (L 1983, ch 641) was enacted for the purpose of imposing liability in situations where alcohol is merely *furnished* to a person under age 21, thereby filling a gap created by the unlawful *sale* provisions of General Obligations Law § 11-101 (see, Mem of Senator William T. Smith, 1983 NY Legis Ann, at 281; *Powers v Niagara Mohawk Power Corp.*, 129 AD2d 37, 41). Because plaintiff alleged that defendant "sold, or delivered, or gave away" alcoholic beverages to Rice, the causes of action under both General Obligations Law §§ 11-100 and 11-101 should stand. Despite defendant's assertion to the contrary, the Court of Appeals' decision in *Sheehy v Big Flats Community Day* (73 NY2d 629) does not require a different result.

We likewise disagree with defendant's contention that plaintiff is not entitled to recover punitive damages. General Obligations Law § 11-101 (1) expressly provides for the right to recover exemplary damages and plaintiff's allegations of defendant's "wanton, willful and reckless" conduct are sufficient to allow such a claim at this juncture *(see, McCulloch v*

*Standish,* 167 AD2d 723, 724). Further, plaintiff may, upon a proper showing, also recover actual damages for loss of future support and funeral expenses *(see, Raynor v C.G.C. Grocery Corp.,* 159 AD2d 463, 463-464; *see also, Marsico v Southland Corp.,* 148 AD2d 503, 505). However, defendant correctly argues and plaintiff concedes on this appeal that damages resulting from loss of services, affection and companionship are not permitted under General Obligations Law §§ 11-100 and 11-101 *(see, Valicenti v Valenze,* 68 NY2d 826, 829).

As a final matter, we find no basis in the record to support plaintiff's request for the imposition of sanctions against defendant.

Mahoney, P. J., Casey, Mercure and Crew III, JJ., concur. Ordered that the order entered August 22, 1990 is affirmed, without costs. Ordered that the order entered October 18, 1990 is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Carmel Lanes Inc. to dismiss that portion of the amended complaint seeking damages for plaintiff's loss of her son's services, affection and companionship; motion granted to that extent and said claim dismissed; and, as so modified, affirmed.