Dorothy CONRAD, Individually and as Administratrix Ad Prosequendum and General Administratrix of the Estate of Randall Conrad, Plaintiff,

v.

BECK–TUREK, INC. d/b/a/ Skinner's Bar and Augie's Bar at the Culinary Institute of America, Defendants.

BECK–TUREK LTD., INC. d/b/a/ Skinner's Bar, Third–Party Plaintiff,

v.

William DOWNEY and Alicia Shinnick, Third–Party Defendants.

No. 93 Civ. 0610 (VLB).

United States District Court, S.D. New York.

Sept. 6, 1994.

84

Harvey R. Pearlman, Friedman, Kates, Pearlman & Fitzgerald, Rutherford, NJ, for plaintiff.

Richard E. Lerner, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This suit is based on an automobile accident involving a vehicle driven by William Downey ("Downey") and owned by Alicia Shinnick, which went over a 50–foot embankment after Downey and the passenger in the car, Randall Conrad, had imbibed alcohol at several bars including Beck–Turek, Ltd., Inc. d/b/a/ Skinner's Bar ("Skinner's"). Randall Conrad was killed in the accident. Plaintiff Dorothy Conrad is executrix for her deceased son. Plaintiff alleges that the defendant Skinner's served alcohol to Downey when he was clearly intoxicated, and seeks relief both for the decedent's estate and on her own behalf. Plaintiff's claims are asserted under the New York Dram Shop Act (General Obligations Law 11–101), for wrongful death, pain and suffering, and for loss of financial and personal support.

Plaintiff seeks summary judgment against defendant Skinner's on the question of liability.[1] Skinner's seeks summary judgment dismissing each aspect of plaintiff's case. Skinner's also seeks to have payments by the driver (Downey) to settle claims of the estate of the deceased passenger Randall Conrad applied in calculating any liability of Skinner's to plaintiff Dorothy Conrad in her individual capacity as well as in her capacity as executrix under General Obligations Law 15–108.

Skinner's motion under General Obligations Law 15–108 is granted; all other motions of each of the parties are denied.

### II

The evidence is sufficient to permit a reasonable factfinder to conclude that Downey was drunk at the time of the accident, that his intoxication caused the accident, and

---

1. Augie's Bar is not a party to any of the motions now before the court.

that his condition was evident when he was served additional alcohol at Skinner's. This evidence may be subject to differing interpretations, and hence establishes genuine issues of material fact, precluding summary judgment in favor of either party under Fed. R.Civ.P. 56.

■ Similarly, it is plausible to find that a car spinning out of control and falling down a 50–foot embankment could generate terror on the part of a passenger, who when crushed might endure excruciating pain. A factfinder, however, would not be compelled to reach these conclusions. Determining such an issue as a matter of law under Fed.R.Civ.P. 56 is inappropriate on this record.

## III

Skinner's argues that summary judgment should be granted barring plaintiff's claims because the decedent was part of a drinking party including himself and the driver. This contention lacks merit.

■ The objective of the Dram Shop Act is both to recompense victims of injuries contributed to by irresponsible service of liquor to intoxicated customers, and to deter such service. See *Bartlett v. Grande*, 103 A.D.2d 671, 481 N.Y.S.2d 566 (4th Dept. 1984); *Platano v. Norm's Castle*, 830 F.Supp. 796, 799 (S.D.N.Y.1993).

■ Accordingly, intoxication of Randall Conrad, a nondriver victim of an accident contributed to by service of liquor to the driver is not a defense. *Mitchell v. The Shoals*, 19 N.Y.2d 338, 280 N.Y.S.2d 113, 227 N.E.2d 21 (1967); *French v. Cliff's Place*, 125 A.D.2d 292, 508 N.Y.S.2d 577 (2d Dept.1986).

## IV

■ Contrary to Skinner's contention, the Dram Shop Act does not bar a wrongful death claim on behalf of the accident victim who has a claim under the Act. The Act will support a separate suit by relatives if they can show monetary loss. *Valicenti v. Valenze*, 68 N.Y.2d 826, 507 N.Y.S.2d 616, 499 N.E.2d 870 (1986). The existence as well as the amount of such loss is a matter for determination at trial.

There is nothing in the Dram Shop Act's text or purpose to suggest that it bars any other statutory or common law remedy, without which no such bar can be inferred. See *Schuster v. City of New York*, 5 N.Y.2d 75, 85, 180 N.Y.S.2d 265, 154 N.E.2d 534 (1958); McKinney's Consolidated Laws, Statutes § 34. Plaintiff's claim for a variant of loss of consortium based upon lack of "counsel" and "assistance" is not barred by lack of a legal obligation to the deceased to support the plaintiff (see *Valicenti*, 499 N.Y.S.2d at 617, 499 N.E.2d at 870–71).

## V

■ Plaintiff concedes that the $100,000 paid by Downey may be attributed to her as Executrix but claims it may not be attributed to her in regard to her individual claims. She does not deny that she is the sole beneficiary of any recovery obtained as Executrix. See New York EPTL 4–1.1(a)(3). To the extent that separate recoveries are obtained, Skinner's may utilize some or all of the $100,000. However, Skinner's cannot utilize the same payment by Downey twice under General Obligations Law 15–108. Neither double recoveries for the same injury nor duplicate deductions for receipts based upon differing injuries are appropriate. Similarly, treatment of any recovery by Skinner's against Downey as a third party defendant would have to be coordinated with Skinner's ability to benefit from payments by Downey to plaintiff pursuant to the General Obligations Law.

SO ORDERED.