■ VIRGINIA GIGLIOTTI, Individually and as Administratrix of the Estate of JOSEPH OLIVADOTI, Deceased, Appellant, v BYRNE DAIRY, INC., Respondent. [672 NYS2d 172] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action individually and as administratrix of the estate of her son, who died as a result of a one-car accident when he collided with a utility pole. Plaintiff alleges that decedent was furnished alcohol unlawfully by defendant, became intoxicated, and lost control of the vehicle he was driving. Supreme Court properly granted defendant summary judgment dismissing the first cause of action, in which plaintiff seeks to recover damages for the injuries and pain suffered by decedent prior to his death (*see*, *Sheehy v Big Flats Community Day*, 73 NY2d 629, 635). The court also properly granted defendant summary judgment dismissing the second and third causes of action, in which plaintiff seeks to recover medical and funeral expenses, as well as loss of services.

Although an intoxicated infant has no cause of action predicated on a violation of the Dram Shop Act, "the infant's parents may sue individually under the Dram Shop Act as parties suffering a loss which resulted from the injury of the intoxicated person" (*Reuter v Flobo Enters.*, 120 AD2d 722, 723; *see*, General Obligations Law § 11-101 [4]). The statute allows an infant's parents to sue as persons injured in "means of

support" (General Obligations Law § 11-100 [1]). The party seeking to recover for an injury in means of support, however, has the burden to show that decedent had a legal duty or had undertaken an obligation to support his parent (*see, Scheu v High-Forest Corp.*, 129 AD2d 366, 370). Here, it is undisputed that decedent was 17 years old at the time of the accident, and there is no evidence that he supported plaintiff or that she anticipated his support in the future (*see, Marsico v Southland Corp.*, 148 AD2d 503, 504-505; *cf., Raynor v C.G.C. Grocery Corp.*, 159 AD2d 463). The cause of action seeking to recover funeral expenses similarly is without merit (*see, Marsico v Southland Corp., supra*, at 505). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Callahan and Fallon, JJ.