■ PATRICK McNEILL et al., Respondents, v RUGBY JOE'S INC., Also Known as BUGBY JOE'S INC., Doing Business as DAPPER DOG, et al., Appellants. [707 NYS2d 483] —In an action, *inter alia*, to recover damages for wrongful death, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered September 21, 1999, as denied that branch of their motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for the loss of future support.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for the loss of future support is granted.

In February 1997, 20-year-old Patrick McNeill, a student at Fordham University, disappeared after a night of drinking at an Upper East Side pub. His body was found in the water near a Brooklyn pier some weeks later. His parents, the plaintiffs, Patrick McNeill and Jacqueline McNeill, brought this action against the corporate entity that owned the pub, its stockholders and officers, and several pub employees, alleging, *inter alia*, liability pursuant to General Obligations Law § 11-101 (the Dram Shop Act).

Absent a showing that a child had a legal duty to support his parents or had undertaken an obligation to do so, a parent cannot recover actual damages for loss of "means of support" under General Obligations Law § 11-101 (1) (*see, Raynor v C.G.C. Grocery Corp.,* 159 AD2d 463, 464; *Marsico v Southland Corp.,* 148 AD2d 503, 505; *accord, Gigliotti v Byrne Dairy,* 249 AD2d 973, 974). Here, it is undisputed that the plaintiffs' deceased son had neither a legal duty to support them, nor had he undertaken an obligation to contribute to their support. Accordingly, the defendants were entitled to dismissal of so much of the first cause of action as sought to recover damages for loss of future support. Thompson, J. P., Krausman, Florio and Schmidt, JJ., concur.