[748 NYS2d 595]

HILLARY DUNPHY, Appellant, v J & I SPORTS ENTERPRISES, INC., Doing Business as PARROT HEADS, Defendant, and LILY FLANAGAN'S II, INC., Doing Business as LILY FLANAGAN'S, Respondent.

Second Department, August 19, 2002

APPEARANCES OF COUNSEL

*William F. Farrell*, Lake Success (*Sweetbaum & Sweetbaum* [*Marshall D. Sweetbaum*] of counsel), for appellant.

*Yoeli & Gottlieb, LLP,* New York City (*Michael Yoeli* of counsel), for respondent.

OPINION OF THE COURT

PRUDENTI, P.J.

The plaintiff is seeking reimbursement for certain medical expenses incurred by her adult son. The theory upon which she seeks such recovery, that is, the defendants' alleged violation of the "Dram Shop Act" (General Obligations Law §§ 11-100, 11-101), is one which would not have been available to the plaintiff's son himself, whose own intoxication led to the injuries which necessitated medical treatment (*see Sheehy v Big Flats Community Day,* 73 NY2d 629; *Livelli v Teakettle Steak House,* 212 AD2d 513; *Rutledge v Rockwells of Bedford,* 200 AD2d 36). Considering that the injured intoxicated person himself has no right to recover under the "Dram Shop Act" for medical expenses he incurred, we see no reason to recognize a right to such recovery by his mother, or by anyone else who gratuitously pays such expenses.

The plaintiff's son, David Dunphy (hereinafter Dunphy), was injured in an automobile accident which occurred on May 10, 1996, 16 days before his 21st birthday. The complaint alleges that the defendants violated both General Obligations Law §§ 11-100 and 11-101 in illegally furnishing or selling alcohol to Dunphy within the hours that preceded the accident. The plaintiff seeks to recover damages relating to her alleged past and future loss of the "comfort of [David Dunphy's] services, society, and attention," and relating to her past and future payment of medical costs he incurred as a result of his injuries.

The defendant Lily Flanagan's II, Inc., doing business as Lily Flanagan's, moved to limit the amount of the plaintiff's recovery to "the period of time prior to plaintiff's son becoming 21 years old." Counsel argued that the plaintiff had no duty to pay the medical expenses of or otherwise support her son after his 21st birthday (*see Bani-Esraili v Lerman,* 69 NY2d 807). The attorney for the plaintiff opposed the motion, arguing that, under the statutes noted above, the plaintiff's right to recover for the medical expenses she paid for did not depend on any legal obligation on her part to pay such expenses relying on *Ray v Galloway's Café* (221 AD2d 612). The Supreme Court

granted the motion to the extent indicated. This appeal followed.

The statutes referred to above (General Obligations Law §§ 11-100, 11-101), commonly known as the "Dram Shop Act," create causes of action on behalf of any person "who shall be injured in person, property, means of support or otherwise" by an intoxicated person under the circumstances defined in each statute respectively. Being in derogation of the common law, these statutes are to be strictly construed (*see Reickert v Misciagna,* 183 AD2d 151, 154; *Delamater v Kimmerle,* 104 AD2d 242; *Wright v Sunset Recreation,* 91 AD2d 701; *Gabrielle v Craft,* 75 AD2d 939). Thus, the Court of Appeals has held that the presence of the phrase "or otherwise" in these two statutes does not permit the conclusion that a person may, under a "Dram Shop" theory, recover for loss of consortium (*see Valicenti v Valenze,* 68 NY2d 826).

In contrast, the statutes explicitly provide that persons injured in respect to their "means of support" have the right to recover under a "Dram Shop" theory. The courts have held that this right to recovery does not strictly depend on whether the plaintiff was owed a statutory or contractual duty of support by the person whose ability to furnish such support was diminished as the result of the injuries suffered on account of intoxication. Such recovery is possible if the injured party either had such a duty, or had undertaken a preaccident course of making support payments notwithstanding the absence of such a duty (*see McNeill v Rugby Joe's,* 272 AD2d 384; *Gigliotti v Byrne Dairy,* 249 AD2d 973; *Marsico v Southland Corp.,* 148 AD2d 503). In the present case, the record is silent as to whether Dunphy had ever undertaken such an obligation to provide support to the plaintiff. Because the respondent failed to demonstrate that Dunphy provided no financial support to the plaintiff before the time of the accident, it failed to establish its prima facie right to judgment as a matter of law with respect to this branch of its motion. However, under the circumstances of this case, the respondent should be granted leave to renew.

With respect to the issue of medical expenses, we agree with the Supreme Court that the "Dram Shop" statutes do not authorize any recovery by a benefactor who makes wholly gratuitous payments to the health care providers who furnish medical services to a person injured as the result of intoxication. A person making such gratuitous payments, as opposed to, for example, lending the money to the injured person, inflicts eco-

nomic harm upon himself or herself, and cannot be considered as having been injured in his or her "person, property, [or] means of support" (General Obligations Law § 11-100; *see Ragan v Protko,* 66 Ill App 3d 257, 383 NE2d 745; *Sapp v Johnston,* 15 Ill App 3d 119, 303 NE2d 429; *Counts v Hospitality Empls.,* 518 NW2d 358 [Iowa]).

There is no common-law right of recovery in favor of a parent who pays the medical expenses of an adult child, even when the child lives in the parent's home (*see e.g. Estate of Sit v Dighello Bros. Auto Sales,* 2000 WL 288466, 2000 Conn Super LEXIS 5564 [Conn Super Ct, Mar. 13, 2000]; *Kotlar v House,* 57 Ohio App 3d 26, 566 NE2d 701; *Norman v Massachusetts Bay Transp. Auth.,* 403 Mass 303, 529 NE2d 139; *Higgins v J.C. Penney Cas. Ins. Co.,* 388 NW2d 429 [Minn]; *Freeburger v Bichell,* 135 Md App 680, 763 A2d 1226; *In re Mangan's Will,* 83 NYS2d 393; Restatement [Second] of Torts § 703 [b], Comment *f*). In New York, a parent's right to recover for medical expenses incurred by a child is grounded upon the parent's obligation to support a minor child (*see Clough v Board of Educ. of Spencerport Cent. School Dist.,* 56 AD2d 233; *Cuming v Brooklyn City R.R. Co.,* 109 NY 95, 97). There is no basis upon which to conclude that the legislature intended the parents of adult children to have recovery for medical expenses under the "Dram Shop Act" even though they would not have had such recovery under the common law. The case of *Ray v Galloway's Café (supra)* is not to the contrary. The injured person in that case was 20 years old, and thus, his parents, the plaintiffs, had a legal obligation to pay for his medical care (*see also Reuter v Flobo Enters.,* 120 AD2d 722; *Raynor v C.G.C. Grocery Corp.,* 159 AD2d 463; *Schrader v Carney,* 198 AD2d 779; *Dodge v Victory Mkts.,* 199 AD2d 917; *Etu v Cumberland Farms,* 148 AD2d 821; *Powers v Niagara Mohawk Power Corp.,* 129 AD2d 37).

The plaintiff correctly concedes on appeal that so much of the complaint as seeks damages for loss of filial consortium is without merit and should be dismissed (*see Valicenti v Valenze, supra; see also De Angelis v Lutheran Med. Ctr.,* 58 NY2d 1053; *Gilbert v Stanton Brewery,* 295 NY 270; *Devito v Opatich,* 215 AD2d 714; *McCauley v Carmel Lanes,* 178 AD2d 835).

The Supreme Court was authorized to grant summary judgment to the nonmoving defendant on those claims for which summary judgment is warranted in favor of the moving defendant-respondent, Lily Flanagan's II, Inc., doing business as Lily Flanagan's (*see* CPLR 3212 [b]). We are similarly au-

thorized to grant summary judgment on those claims to the nonmoving defendant (*see Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106). Therefore, the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion which was to limit the plaintiff's recovery for loss of financial support to the period preceding the 21st birthday of her son and substituting therefor a provision denying that branch of the motion with leave to renew, and (2) adding thereto a provision searching the record pursuant to CPLR 3212 (b) and, upon searching the record, (a) granting partial summary judgment to the defendant J & I Sports Enterprises, Inc., to the extent of limiting the plaintiff's recovery for past and future medical expenses of her son to those expenses incurred during the period preceding his 21st birthday, and (b) granting partial summary judgment to both the respondent and the defendant J & I Sports Enterprises, Inc., dismissing so much of the complaint as is based on a claim of loss of consortium; as so modified, the order is affirmed, with costs to the respondent.

RITTER, McGINITY and H. MILLER, JJ., concur.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion which was to limit the plaintiff's recovery for loss of financial support to the period preceding the 21st birthday of her son, and substituting therefor a provision denying that branch of the motion with leave to renew, and (2) adding thereto a provision searching the record pursuant to CPLR 3212 (b) and, upon searching the record, (a) granting partial summary judgment to the defendant J & I Sports Enterprises, Inc., to the extent of limiting the plaintiff's recovery for past and future medical expenses of her son to those expenses incurred during the period preceding his 21st birthday, and (b) granting partial summary judgment to both the respondent and the defendant J & I Sports Enterprises, Inc., dismissing so much of the complaint as is based on a claim of loss of consortium; as so modified, the order is affirmed, with costs to the respondent.