■ PATRICK MCNEILL et al., Respondents, v RUGBY JOE'S, INC., Also Known as BUGBY JOE'S, INC., Doing Business as DAPPER DOG, et al., Appellants. [751 NYS2d 241] —In an action, inter alia, to recover damages pursuant to General Obligations Law § 11-101, the defendants appeal from an order of the Supreme Court, Westchester County (Cowhey, J.), entered December 6, 2001, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Thomas Ryan and Michael Burns, sued herein as William Burns, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements, the complaint is dismissed insofar as asserted against those defendants, and the action against the remaining defendants is severed.

In February 1997, 20-year-old Patrick McNeill, a student at Fordham University, disappeared after a night of drinking at a pub owned and operated by some of the defendants. His body was found in the water near a Brooklyn pier approximately six weeks later. His parents, the plaintiffs, brought this action against the corporate entity that owned the pub, its stockholders and officers, and several pub employees, alleging, inter alia, liability pursuant to General Obligations Law § 11-101 (the Dram Shop Law). After an earlier, limited appeal (see *McNeill v Rugby Joe's,* 272 AD2d 384), the defendants brought this second motion for summary judgment dismissing the complaint, or alternatively, dismissing the plaintiffs' claim for punitive damages.

The defendants claim that the complaint should fail for lack

of causation. In order to show that the damages suffered by a plaintiff in a Dram Shop action arose "by reason of the intoxication" of a patron to whom alcohol was illegally sold, there must be "some reasonable or practical connection" between the sale of alcohol and the resulting injuries; proximate cause, as must be established in a conventional negligence case, is not required (*Catania v 124 In-To-Go, Corp.,* 287 AD2d 476, 477 [internal quotation marks omitted]; *Adamy v Ziriakus,* 231 AD2d 80, 88, affd 92 NY2d 396; *Church v Burdick,* 227 AD2d 817, 818; *Johnson v Plotkin,* 172 AD2d 88, 92; *Bartkowiak v St. Adalbert's R.C. Church Socy.,* 40 AD2d 306, 310). Under the circumstances, a reasonable connection exists between the sale of alcohol by some of the defendants and the resulting injuries as to sustain the action.

Furthermore, there are sufficient facts to sustain the plaintiffs' claim for punitive damages (*see Giblin v Murphy,* 73 NY2d 769, 772; *Gruber v Craig,* 208 AD2d 900, 901; *McCauley v Carmel Lanes,* 178 AD2d 835, 836; *McCulloch v Standish,* 167 AD2d 723, 725).

However, the Supreme Court erred in denying summary judgment dismissing the complaint insofar as asserted against the defendant Thomas Ryan. This defendant demonstrated, prima facie, his entitlement to judgment as a matter of law by submitting proof in admissible form that he was not a corporate officer of Rugby Joe's, Inc., and did not have ownership interest in the pub, the Dapper Dog (*see Zuckerman v City of New York,* 49 NY2d 557; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). The burden then shifted to the plaintiffs to produce evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). The plaintiffs failed to carry this burden. We note that counsel's affirmation in opposition to the summary judgment motion did not discuss the issue of Ryan's liability.

Finally, the defendant Michael Burns, sued herein as William Burns, is entitled to summary judgment dismissing the complaint insofar as asserted against him since there is no issue of fact as to his liability under the Dram Shop Act. There is no evidence demonstrating that he either sold alcohol to, or procured alcohol for, the plaintiffs' decedent (*see Fox v Clare Rose Beverage,* 262 AD2d 526; *Slocum v D's & Jayes Val. Rest. & Cafe,* 182 AD2d 981, 982). S. Miller, J.P., Crane, Cozier and Rivera, JJ., concur.