■ SEAN KEELEY, Respondent, v JOHN J. TRACY et al., Appellants. (And a Third-Party Action.) [753 NYS2d 141] —In an action to recover damages for legal malpractice, the defendants John J. Tracy and Tracy & Stillwell, P.C., and the defendant Zachary & Tracy, P.C., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated June 20, 2001, as denied their motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff was injured when the car in which he was a passenger struck a wall. The driver of the car allegedly had been drinking in a bar prior to the accident. The plaintiff commenced an action against the driver, but a Dram Shop action (*see* General Obligation Law § 11-101) was not commenced against the bar before the statute of limitations expired. The plaintiff thereupon commenced the instant action against his attorneys, the defendants, to recover damages for legal malpractice.

To establish a cause of action to recover damages for legal malpractice, a plaintiff must prove (1) that the defendant attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, (2) that the defendant's negligence was a proximate cause of his or her injuries, (3) that he or she sustained damages, and (4) that he or she would have been successful in the underlying action had the attorney exercised due care (*see Iannarone v Gramer,* 256 AD2d 443; *Volpe v Canfield,* 237 AD2d 282). To succeed on

a motion for summary judgment, a defendant must present evidence in admissible form establishing that the plaintiff is unable to prove at least one of the these essential elements of a malpractice cause of action (*see Ostriker v Taylor, Atkins & Ostrow*, 258 AD2d 572; *Iannarone v Gramer, supra*). Here, in opposition to the prima facie showing by the defendants of their entitlement to summary judgment by showing that there was no evidence that the plaintiff's injuries arose by reason of the intoxication of the driver (*see* General Obligations Law § 11-101), the plaintiff adduced evidence to raise a question of fact as to whether a reasonable connection existed between the alcohol served to the driver by the bar and the injuries sustained by the plaintiff (*see McNeill v Rugby Joe's*, 298 AD2d 369; *Johnson v Plotkin*, 172 AD2d 88).

The defendants' remaining contentions are unpreserved for appellate review, and in any event, are without merit. Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.