STEVEN SEARLEY, Individually and as Administrator of the Estate of MICHAEL SEARLEY, Deceased, et al., Appellants, v WEGMANS FOOD MARKETS, INC., Respondent. [807 NYS2d 768]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered November 8, 2004. The order granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the third and fourth causes of action with respect to plaintiffs individually and as modified the order is affirmed without costs.

Memorandum: Plaintiffs' son (decedent), who was 17 years of age, allegedly consumed an excessive quantity of alcoholic beverages that had been unlawfully sold to him at one of defendant's supermarkets and, at approximately 4:30 A.M., he was fatally injured when he lost control of the vehicle he was driving. Plaintiffs commenced this action alleging, inter alia, that decedent was intoxicated at the time of the accident and that defendant violated General Obligations Law §§ 11-100 and 11-101. Supreme Court granted defendant's motion seeking dismissal of the complaint pursuant to CPLR 3211 (a) (7), for failure to state a cause of action.

It is well settled that General Obligations Law §§ 11-100 and 11-101 do not create a cause of action in favor of one injured as a result of his own intoxicated condition (see Sheehy v Big Flats Community Day, 73 NY2d 629, 636 [1989]; Armstrong v Petsche, 172 AD2d 1079 [1991]; see also Livelli v Teakettle Steak House, 212 AD2d 513 [1995]), and it is also well settled that the mere infancy of the injured person does not constitute an exception to that voluntary intoxication rule (see Livelli, 212 AD2d 513 [1995]; Van Neil v Hopper, 167 AD2d 954 [1990], lv denied 77 NY2d 804 [1991]; Reuter v Flobo Enters., 120 AD2d 722, 723 [1986]; see generally Sheehy, 73 NY2d at 636). Consequently, the court properly granted those parts of defendant's motion

seeking dismissal of the complaint insofar as it asserts any claims by plaintiff father on behalf of decedent's estate. We conclude, however, that plaintiffs, as parents of decedent, have stated causes of action as parties suffering an injury to their "means of support" (General Obligations Law § 11-100 [1]; *see* § 11-101 [1]; *Soto v Montanez*, 173 AD2d 90, 93-94 [1991]; *see also Schrader v Carney*, 198 AD2d 779, 780 [1993]; *Raynor v C.G.C. Grocery Corp.*, 159 AD2d 463 [1990]; *Reuter*, 120 AD2d at 723-724). Thus, we modify the order accordingly. Present— Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Lawton, JJ.