PHILIP MCARDLE et al., Appellants, v 123 JACKPOT, INC., et al., Respondents, et al., Defendants. [858 NYS2d 692]—

In an action, inter alia, to recover damages pursuant to General Obligations Law §§ 11-100 and 11-101, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated October 16, 2006, as granted that branch of the motion of the defendants 123 Jackpot, Inc., John Kisa, also known as Can John Kisa, Erin Bal, Ray Durmazoglu, and Richard Cebel as Partners which was for summary judgment dismissing the first

cause of action insofar as asserted against them, and (2) so much of an order of the same court dated January 18, 2007, as, in effect, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated October 16, 2006, is dismissed, without costs or disbursements, as the portion of the order appealed from was superseded by the order dated January 18, 2007, made upon reargument; and it is further,

Ordered that the order dated January 18, 2007, is modified, on the law, by deleting the provision thereof, in effect, upon reargument, adhering to the original determination granting that branch of the motion of the defendants 123 Jackpot, Inc., John Kisa, also known as Can John Kisa, Erin Bal, Ray Durmazoglu, and Richard Cebel as Partners which was for summary judgment dismissing so much of the first cause of action as sought to recover medical expenses and funeral expenses incurred on behalf of the infant decedent insofar as asserted against them, and substituting therefor a provision, upon reargument, vacating that portion of the order dated October 16, 2006, which granted that branch of the motion of the defendants 123 Jackpot, Inc., John Kisa, also known as Can John Kisa, Erin Bal, Ray Durmazoglu, and Richard Cebel as Partners which was for summary judgment dismissing so much of the first cause of action as sought to recover medical expenses and funeral expenses incurred on behalf of the infant decedent insofar as asserted against them, and denying that branch of the motion; as so modified, the order dated January 18, 2007, is affirmed insofar as appealed from, without costs or disbursements.

On January 5, 2002, at approximately 4:00 A.M., 16-year-old Andrew McArdle allegedly lost control of the car he was driving and was killed when it struck a tree. At that time, the youth allegedly was intoxicated from consuming beer, which he had purchased at a convenience store owned and/or operated by the defendants 123 Jackpot, Inc., John Kisa, also known as Can John Kisa, Erin Bal, Ray Durmazoglu, and Richard Cebel as Partners (hereinafter the respondents). Following the accident, Andrew's parents, Philip McArdle and Eileen McArdle, commenced the instant action. The complaint, as amplified by the bill of particulars, alleges as a first cause of action a violation of the Dram Shop Act (see General Obligations Law §§ 11-100, 11-101) and Alcoholic Beverage Control Law § 65, and seeks damages for loss of future support and loss of services as well as medical expenses and funeral expenses incurred on behalf of the infant decedent. The second and third causes of action sound in conscious pain and suffering and wrongful death.

Pursuant to the trial court's directive, the plaintiffs filed a note of issue and certificate of readiness, which indicated that discovery was to continue while the matter was on the trial calendar.

At the conclusion of all depositions, the respondents moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs opposed the motion. By order dated October 16, 2006, the Supreme Court granted the motion to the extent of awarding summary judgment dismissing the first and second causes of action insofar as asserted against the respondents.

Thereafter, the respondents moved for leave to reargue the prior motion on the ground that the court overlooked that branch of that motion which was for summary judgment dismissing the third cause of action sounding in wrongful death. The plaintiffs cross-moved for leave to reargue that branch of the motion which was to dismiss the first cause of action.

By order dated December 21, 2006, the court granted the respondents' motion for leave to reargue and, upon reargument, dismissed the third cause of action sounding in wrongful death insofar as asserted against them. By order dated January 18, 2007, the court, in effect, granted the plaintiffs' cross motion and, upon reargument, adhered to its original determination granting summary judgment to the respondents dismissing the first cause of action insofar as asserted against them.

Contrary to the plaintiffs' contention, under the circumstances of this case, the respondents demonstrated "good cause" for their delay in filing their motion for summary judgment, since the note of issue was filed while there was significant discovery outstanding (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648, 652 [2004]; Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129 [2000]; Sclafani v Washington Mut., 36 AD3d 682 [2007]).

The Supreme Court properly granted summary judgment on the loss of services claim since the Dram Shop Act does not provide for damages resulting from the loss of services (see Valicenti v Valenze, 68 NY2d 826, 829 [1986]; Ray v Galloway's Cafe, 221 AD2d 612 [1995]; McCauley v Carmel Lanes, 178 AD2d 835 [1991]).

Likewise, summary judgment was properly granted to the respondents on the claim for loss of future support where, in response to the prima facie showing by the respondents, the plaintiffs failed to raise a triable issue of fact as to whether the infant decedent had a legal duty to support his parents or had undertaken an obligation to do so notwithstanding the absence

of such a duty (*see McNeill v Rugby Joe's*, 272 AD2d 384 [2000]; *Gigliotti v Byrne Dairy*, 249 AD2d 973 [1998]; *Marsico v Southland Corp.*, 148 AD2d 503 [1989]; *cf. Raynor v C.G.C. Grocery Corp.*, 159 AD2d 463 [1990]; *Dunphy v J & I Sports Enters.*, 297 AD2d 23 [2002]).

The Supreme Court erred, however, in dismissing the claims for medical expenses incurred by the plaintiffs on behalf of the infant decedent. "In New York, a parent's right to recover for medical expenses incurred by a child is grounded upon the parent's obligation to support a minor child" (*Dunphy v J & I Sports Enters.*, 297 AD2d 23, 26 [2002]; *see Clough v Board of Educ. of Spencerport Cent. School Dist.*, 56 AD2d 233 [1977]; *Cuming v Brooklyn City R.R. Co.*, 109 NY 95, 97 [1888]; *see also Holodook v Spencer*, 36 NY2d 35, 44-45 [1974]; *Reickert v Misciagna*, 183 AD2d 151, 156 [1992]; Family Ct Act § 413). Similarly, the plaintiffs are entitled to seek recovery for funeral expenses (*see Raynor v C.G.C. Grocery Corp.*, 159 AD2d 463 [1990]; *Scheu v High-Forest Corp.*, 129 AD2d 366 [1987]; *Bongiorno v D.I.G.I., Inc.*, 138 AD2d 120, 125 [1988]).

Inasmuch as the respondents failed to tender evidence sufficient to demonstrate the absence of any material issues of fact, they did not satisfy their prima facie burden entitling them to summary judgment dismissing the claims for medical expenses and funeral expenses (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Moreover, the evidence submitted by the plaintiffs in opposition to the respondents' motion was sufficient to raise a triable issue of fact as whether "some reasonable or practical connection" exists between the sale of alcohol and the resulting injuries (*McNeill v Rugby Joe's*, 298 AD2d 369, 370 [2002]; *see Keeley v Tracy*, 301 AD2d 501 [2003]; *Johnson v Plotkin*, 172 AD2d 88 [1991]). Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.