■ Alicia A. Samela, Respondent, v Post Road Entertainment Corp. et al., Appellants. [954 NYS2d 603]—

In an action pursuant to General Obligations Law §§ 11-100 and 11-101, inter alia, to recover damages for loss of support, the defendants appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 24, 2012, which denied their motion for summary judgment dismissing the complaint in its entirety or, in the alternative, for summary judgment dismissing so much of the complaint as seeks to recover damages for loss of future support and services and for exemplary damages.

Ordered that the order is affirmed, with costs.

Over the course of several hours on the evening of August 6, 2007, and the early morning of August 7, the plaintiff's 19-year-

old son (hereinafter the decedent) consumed alcohol served to him at a bar owned by the defendants. While driving home from the bar in the early morning hours of August 7, 2007, the decedent was injured in an automobile accident, and later died of his injuries. The plaintiff commenced this action against the defendants, alleging violations of General Obligations Law §§ 11-100 and 11-101.

The defendants moved for summary judgment dismissing the complaint in its entirety or, in the alternative, dismissing so much of the complaint as seeks to recover damages for loss of future support and for exemplary damages. The defendants argued that the plaintiff could not establish her claim of damages in the form of actual damages and present and future support from the decedent, and could not establish a claim for exemplary damages. The Supreme Court denied the defendants' motion.

General Obligations Law § 11-100 provides for recovery of damages for injury caused by the intoxication of a person under the age of 21. General Obligations Law § 11-101 (1) provides for a cause of action to recover actual and exemplary damages to any person injured "in person, property, means of support or otherwise" by the unlawful sale of alcohol to an intoxicated person, whether resulting in his death or not. Both statutes (hereinafter together the Dram Shop Act), provide that parents may commence an action for damages thereunder (General Obligations Law §§ 11-100 [4]; 11-101 [4]).

In assessing a claim for loss of support under the Dram Shop Act, the jury can consider the support the decedent provided to the plaintiffs before his or her death, and evidence of the support the plaintiffs could reasonably have expected but for his or her death (see *Valicenti v Valenze*, 68 NY2d 826 [1986]; *Sullivan v Mulinos of Westchester, Inc.*, 73 AD3d 1018 [2010]). A parent cannot recover actual damages for loss of support under the Dram Shop Act absent a showing that a child had a legal duty to support his parents or had undertaken an obligation to do so (see *McArdle v 123 Jackpot, Inc.*, 51 AD3d 743 [2008]; *McNeill v Rugby Joe's*, 272 AD2d 384 [2000]).

In support of their motion for summary judgment, the defendants submitted the plaintiff's deposition testimony, in which she testified, inter alia, that the decedent's father paid the balance of his college tuition not covered by a scholarship and that the plaintiff claimed the decedent as a dependent on her state tax returns for the three years preceding his death, thus indicating that she supported him. While the decedent gave the plaintiff cash for household expenses, the plaintiff could not provide an

amount, or state that these contributions were made with any regularity. Based on this proffered testimony, the defendants met their initial prima facie burden by demonstrating that the plaintiff could not substantiate her claim to recover for loss of support (*see McArdle v 123 Jackpot, Inc.*, 51 AD3d 743 [2008]; *McNeill v Rugby Joe's*, 272 AD2d 384 [2000]).

However, the Supreme Court properly concluded that, in opposition, the plaintiff raised triable issues of fact regarding her claims for actual damages, and for loss of current and future support from the decedent. The plaintiff also testified at her deposition that the decedent, her only child whom she had raised as a single mother, had been employed part-time throughout high school and during college, and contributed to household expenses during that time. She further testified that the decedent had promised to support her in the future and upon retirement, in recognition of her efforts as a single mother. She also offered proof that she had actual expenses connected with his death, including the cost of the headstone and flowers. Accordingly, the plaintiff raised a triable issue of fact as to the decedent's current and future support and actual damages (*see Valicenti v Valenze*, 68 NY2d 826 [1986]; *Raynor v C.G.C. Grocery Corp.*, 159 AD2d 463 [1990]; *Ray v Galloway's Cafe*, 221 AD2d 612 [1995]).

The defendants' contention that the Supreme Court erred in denying that branch of their motion which was for summary judgment dismissing the plaintiff's claim for exemplary damages is without merit. General Obligations Law § 11-101 (1) expressly provides for the right to recover exemplary damages. This has been held to require proof that the defendants' acts are wanton and reckless and demonstrate conscious indifference and disregard of the effect upon the health, safety, and rights of others (*see* General Obligations Law § 11-101 [1]; *McCauley v Carmel Lanes*, 178 AD2d 835 [1991]). The defendants offered proof that they had policies about checking identification and not overserving alcohol to intoxicated individuals, thereby meeting their prima facie burden in moving for summary judgment dismissing the exemplary damages claim (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). However, in opposition, the plaintiff submitted the transcript of the deposition testimony of witnesses to demonstrate that the defendants were not checking identification, and that the decedent was showing multiple signs of intoxication, including glassy eyes, slurred speech, difficulty standing or walking, and boisterous behavior. Accordingly the plaintiff raised a triable issue of fact on the issue of exemplary damages (*see McCauley v Carmel Lanes*, 178 AD2d 835 [1991]).

The defendants' remaining contentions are without merit. Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.