*789 In an action to recover damages for personal injuries and wrongful death, etc., pursuant to, inter alia, General Obligations Law §§ 11-100 and 11-101, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jaeger, J.), dated March 12, 2012, which granted the defendant’s motion, in effect, for summary judgment dismissing the complaint, and denied their cross motion for leave to amend the complaint.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant’s motion which was for summary judgment dismissing so much of the fourth cause of action as sought to recover damages for medical expenses and funeral expenses that the plaintiffs incurred on behalf of their decedent, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On October 30, 2008, at approximately 4:40 a.m., 20-year-old Zachary A. Kudisch was killed when he lost control of his automobile and it struck a guardrail and several trees. Zachary’s parents, the plaintiffs Alan Kudisch and Diane Margolies-Litman, as administrators of Zachary’s estate and in their individual capacities, commenced this action against the defendant, seeking damages, inter alia, for violations of the Dram Shop Act (General Obligations Law §§ 11-100, 11-101). The plaintiffs assert that, prior to the accident, the defendant illegally sold alcohol to Zachary, causing him to become intoxicated. The defendant subsequently moved, in effect, for summary judgment dismissing the complaint. The plaintiffs cross-moved for leave to amend the complaint in order to assert a cause of action alleging gross negligence and to demand punitive damages. The Supreme Court granted the defendant’s motion in its entirety, and denied the plaintiff’s cross motion.
The Dram Shop Act does not create a cause of action in favor of one injured as a result of his or her own intoxicated condition, and the mere youth of the injured person does not constitute an exception to the voluntary intoxication rule (see Sheehy v Big Flats Community Day, 73 NY2d 629, 635-636 [1989]; Rudden v Bernstein, 61 AD3d 736, 738 [2009]; Searley v Wegmans Food Mkts., Inc., 24 AD3d 1202 [2005]; Dunphy v J & I Sports Enters., 297 AD2d 23, 24 [2002]). The Supreme Court properly *790 granted that branch of the defendant’s motion which was, in effect, for summary judgment dismissing the cause of action which sought to recover damages on behalf of the decedent’s estate under the Dram Shop Act since the defendant established, prima facie, that the decedent’s own intoxication caused the subject accident, and the plaintiffs failed to raise a triable issue of fact in opposition to that showing.
Moreover, our courts “have consistently refused to recognize a common-law cause of action against providers of alcoholic beverages in favor of persons injured as a result of their own voluntary intoxication” (Sheehy v Big Flats Community Day, 73 NY2d at 636; see Sherman v Robinson, 80 NY2d 483, 489 [1992]; D’Amico v Christie, 71 NY2d 76, 87-88 [1987]; Reuter v Flobo Enters., 120 AD2d 722, 723 [1986]). In addition, the defendant had no duty to control the decedent’s conduct so as to prevent him from harm, since the injury occurred beyond the area where supervision and control could reasonably be exercised (see Martino v Stolzman, 18 NY3d 905, 908 [2012]; D’Amico v Christie, 71 NY2d at 87-88). Accordingly, based on the defendant’s showing of its prima facie entitlement to judgment as a matter of law dismissing the second, third, and fifth causes of action, which alleged common-law negligence, and the plaintiffs’ failure to raise a triable issue of fact in opposition, the Supreme Court properly granted those branches of the defendant’s motion which were for summary judgment dismissing those causes of action.
The Supreme Court also properly awarded summary judgment to the defendant dismissing the sixth cause of action, which sought to recover damages on behalf of the decedent’s estate for wrongful death (see EPTL 5-4.1). The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs’ decedent, had he survived, would have possessed no viable cause of action to recover for the injuries he sustained as a result of his voluntary intoxication and that, as such, his estate similarly possesses no viable cause of action to recover damages for wrongful death (see Allen v County of Westchester, 172 AD2d 471 [1991]; see also EPTL 5-4.1; Prink v Rockefeller Ctr., 48 NY2d 309, 315 [1979]). The plaintiffs failed to raise a triable issue of fact in response to the defendant’s submission.
The fourth cause of action alleged violations of the Dram Shop Act and Alcoholic Beverage Control Law § 65, and sought damages on behalf of the plaintiffs, in their individual capacities, for emotional suffering, loss of means of support, and medical and funeral expenses.
*791 With respect to the claim of emotional suffering, the defendant established its prima facie entitlement to judgment as a matter of law by showing that the Dram Shop Act and Alcoholic Beverage Control Law § 65 do not permit recovery for the mental distress suffered by the plaintiffs under the circumstances of this case, and the plaintiffs failed to raise a triable issue of fact in opposition (see Marsico v Southland Corp., 148 AD2d 503, 505 [1989]; Scheu v High-Forest Corp., 129 AD2d 366, 369 [1987]).
Likewise, absent a showing that a child had a legal duty to support his or her parents or had undertaken an obligation to do so, a parent cannot recover damages for loss of means of support under the Dram Shop Act and Alcoholic Beverage Control Law § 65 (see Samela v Post Rd. Entertainment Corp., 100 AD3d 857, 858 [2012]; McArdle v 123 Jackpot, Inc., 51 AD3d 743, 745-746 [2008]; Dunphy v J & I Sports Enters., 297 AD2d at 25; McNeill v Rugby Joe’s, 272 AD2d 384 [2000]; Gigliotti v Byrne Dairy, 249 AD2d 973, 974 [1998]; Raynor v C.G.C. Grocery Corp., 159 AD2d 463, 464 [1990]). Here, in support of its motion, the defendant met its prima facie burden by submitting a transcript of the plaintiffs’ deposition testimony negating any viable claim for loss of means of support (see Samela v Post Rd. Entertainment Corp., 100 AD3d at 858; McArdle v 123 Jackpot, Inc., 51 AD3d at 745-746; McNeill v Rugby Joe’s, 272 AD2d 384 [2000]; Gigliotti v Byrne Dairy, 249 AD2d 973, 974 [1998]; Marsico v Southland Corp., 148 AD2d at 505). In opposition, the plaintiffs failed to raise a triable issue of fact. Rather, their affidavits, in which both plaintiffs made statements contradicting their deposition testimony, appear to raise feigned issues of fact to avoid the consequences of their testimony and, thus, were insufficient to defeat summary judgment (see generally Sunshine Care Corp. v Warrick, 100 AD3d 981, 983 [2012]; Garda-Rosales v Bais Rochel Resort, 100 AD3d 687 [2012]; Cuebas v City of Yonkers, 97 AD3d 779, 780 [2012]; Steinsvaag v City of New York, 96 AD3d 932, 933 [2012]).
However, contrary to the Supreme Court’s determinations, since the plaintiffs established that, as parents, they had an obligation to support their minor child, they succeeded in raising a triable issue of fact as to whether they are entitled to seek recovery for medical and funeral expenses that they incurred on his behalf (see McArdle v 123 Jackpot, Inc., 51 AD3d at 746; Raynor v C.G.C. Grocery Corp., 159 AD2d at 464; Scheu v High-Forest Corp., 129 AD2d at 369). Accordingly, that branch of the defendant’s motion which was for summary judgment dismissing the fourth cause of action insofar as it sought to recover *792 damages for medical and funeral expenses should have been denied.
The Supreme Court providently exercised its discretion in denying the plaintiffs’ cross motion for leave to amend the complaint to assert a cause of action alleging gross negligence and to demand punitive damages, as the proposed cause of action and demand for relief were patently devoid of merit (see Reuter v Flobo Enters., 120 AD2d 722, 723 [1986]; see also generally Aurora Loan Servs., LLC v Dimura, 104 AD3d 796 [2013]; Ramos v Baker, 91 AD3d 930, 932 [2012]). Mastro, J.E, Lott, Austin and Hinds-Radix, JJ., concur. [Prior Case History: 2012 NY Slip Op 33267(11).]